**Wilbert Harry GIBSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21650.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 19, 1968.

Decided Aug. 30, 1968.

4.

Mr. Joe A. Cannon (appointed by the Court of General Sessions), Washington, D. C., for appellant.

Mr. Joel M. Finkelstein, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Daniel J. McTague, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and TAMM, Circuit Judge.

BAZELON, Chief Judge:

Appellant was arrested on charges of housebreaking and simple assault. After a preliminary hearing at which probable

cause was found, he was released on his personal recognizance. The grand jury, when the case was presented to it, returned a no true bill. Thereafter, the United States Attorney initiated prosecutions in the Court of General Sessions by informations charging appellant with simple assault, attempted housebreaking, and destruction of property.

Appellant then filed a motion in the District Court for the pre-trial production of the grand jury testimony by the complainant and other witnesses the Government plans to call at trial. The District Court refused to grant access to the grand jury testimony on the alternative grounds that the appellant had not shown the requisite need for the testimony, and that exercise of the District Court's jurisdiction over the grand jury would be inappropriate in the absence of a preliminary finding by the Court of General Sessions that disclosure of grand jury testimony was warranted.

Four days later the Court of General Sessions denied a similar motion for production of the grand jury testimony on the ground that it lacked jurisdiction over the grand jury. Subsequently, the Court of General Sessions rejected a motion by the appellant to dismiss the informations without prejudice to refiling in the District Court, where he would have an opportunity to seek access to the grand jury testimony.

█ Gibson appeals from the order of the District Court denying his motion for production of the grand jury testimony, and from the order of the Court of General Sessions denying his motion for dismissal of the informations. This Court has jurisdiction over the appeal from the District Court under 28 U.S.C. § 1291. Since no trial is pending in the District Court, the order in that court is final. "It disposes of the contentions of all parties, leaving nothing else to be decided." United States v. Byoir, 147 F.2d 336, 337 (5th Cir. 1945).

█ The Government concedes that the District Court has jurisdiction to order production of grand jury testimony for use in a proceeding before another court. Rule 6(e) might be considered ambiguous in its reference to disclosure "in connection with a judicial proceeding."[1] But since the District Court which has summoned a grand jury under Rule 6(a) alone has jurisdiction to order production of its minutes, see Application of United Electrical Radio & Machine Workers, 111 F.Supp. 858, 864 (S.D.N.Y.1953), it would be illogical to construe Rule 6(e) to refer only to a "judicial proceeding" before the District Court in which the motion is made. The result would be inequitable to defendants in other courts who might have a definite need for access to grand jury testimony; it would also be inefficient whenever complicated litigation produces grand jury investigations and civil or criminal cases in a number of jurisdictions. See, e. g., City of Philadelphia v. Westinghouse Electric Corp., 210 F. Supp. 486 (E.D.Pa.1962); In re Sellers, 32 F.R.D. 473 (N.D.Ill.1962); Atlantic City Electric Co. v. A. B. Chance Co., 313 F.2d 431 (2d Cir. 1963).

While agreeing that the District Court could order production under Rule 6(e), however, the Government argues that the District Court established a sound administrative procedure for cases of this sort by refusing to grant access to the grand jury testimony without a request or certification by the Court of General Sessions that production would be warranted. The procedure suggested by the Government is attractive. If the defendant prosecuted in the Court of General Sessions first requested that court to make such a certification, the District Court could rely upon a finding by the court where the case was pending; it would not face the need itself to examine the circumstances of a case in which it was not otherwise involved. A refusal

1. Rule 6(e) provides in pertinent part:
    (A) juror, attorney, interpreter, stenographer, [or] operator of a recording device * *, * may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding * * *.

by the Court of General Sessions to certify that production would be appropriate could be reviewed by the District of Columbia Court of Appeals after conclusion of the trial as part of an appeal from conviction; piecemeal appellate review would thereby be avoided.

■ The appellant argues that such a procedure would improperly deny him the same opportunity for access to grand jury testimony as is given a defendant against whom the United States Attorney has decided to proceed in the District Court.[2] The claim is that he would enjoy no appeal of right to a court which could order production of the grand jury testimony, since the District of Columbia Court of Appeals has no such power and since review by this Court of judgments by the District of Columbia Court of Appeals is discretionary. 11 D.C.Code § 321 (1967). The argument is unpersuasive. The District of Columbia Court of Appeals could certainly review a refusal by the Court of General Sessions to certify the production would be appropriate. This Court would have jurisdiction under 28 U.S.C. § 1291 to review a refusal by the District Court to order production after receiving a certification from the Court of General Sessions.

■ We therefore affirm the order of the District Court on the ground that the appellant should first seek a certification from the Court of General Sessions. We also reject the appeal from the order of the Court of General Sessions denying appellant's motion to dismiss the informations against him, even assuming arguendo that this Court could in an appropriate case exercise its power under 28 U.S.C. § 1651(a) to issue a writ directed against the trial judge for the Court of General Sessions.

Since we affirm the order of the District Court on the second of the two grounds advanced, we need not decide whether the appellant failed to demonstrate the requisite need for access to the grand jury testimony. We note, however, that the reasoning of the District Court is suspect in light of Allen v. United States, 129 U.S.App.D.C. 61, 390 F.2d 476 (1968). The District Court judge concluded that since the appellant already had access to the testimony of the complainant at the preliminary hearing, "you already have enough information." The appellant argued that the complainant's testimony at the preliminary hearing contained inconsistencies; that the refusal of the grand jury to indict suggested that her testimony there differed from that at the preliminary hearing; and that the complainant, who identified the appellant in a dark room and while he was running beneath her window, was the key witness for the Government.

In *Allen* this court examined the effect of Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), upon the traditional requirement that a defendant show a "particularized need" for access to grand jury testimony. Judge Leventhal concluded,

> Since such production might involve at least delay at trial we do not require production where there is no semblance of need. But we think the threshold requirement to show need should not be stretched to a requirement to show a "particularized need" —a term of art that may serve to obstruct useful discovery.

129 U.S.App.D.C. at 67, 390 F.2d at 482.

Certainly the appellant here has shown more than a mere semblance of need. Moreover, none of the traditional reasons for preserving the secrecy of grand jury proceedings applies in the circumstances of this case. See *id.* at 65, 390 F.2d at 480 (listing factors). Finally, the availability of the transcript of the preliminary hearing hardly distinguishes this case, since such a transcript was also available in *Allen*. See *id.* at 68, 390 F.2d at 483 (dissenting opinion of

---

**2.** The Court of General Sessions and the District Court exercise concurrent jurisdiction over misdemeanors committed in the District. 11 D.C.Code §§ 521, 963 (1967).

Tamm, C. J.).  And unless the Government claims there is substantial doubt that the complainant will testify at trial, there seems no reason why production should be delayed until trial.  *See id.* at 67 n. 16, 390 F.2d at 482, n. 16.  In suggesting that pretrial disclosure of the complainant's grand jury testimony may well be appropriate, we do not consider whether similar early disclosure might be warranted in future cases for the testimony of witnesses other than complainants or arresting officers.

The order of the District Court is affirmed.  Nothing in this decision shall preclude the appellant from filing a motion in the Court of General Sessions requesting certification that production of the grand jury testimony is appropriate.

Affirmed.

WILBUR K. MILLER, Senior Circuit Judge, concurs in the result.