through the notes, includes antitrust factors, as in the case of stock acquisitions, and that the Commission erroneously denied to Municipals an evidentiary hearing on its anticompetitive allegations with respect to the financing.

Any antitrust considerations included in the public, investor and consumer interest referred to in Sections 6 and 7 of the Act, we think in all the circumstances of the present petitions might well be resolved under the terms of our remand of March 26, 1969, in Municipal Elec. Ass'n of Mass. v. Securities and Exchange Comm'n, *supra*. In so concluding we observe that we do not have before us the question whether the action of the Commission, of which we have been advised, in reinstating its approval of the stock acquisitions, subject to conditions to be determined, fully satisfies our March 26 decision and remand.

We accordingly deny the present petitions without prejudice to such right of review as might be appropriate with respect to further orders of the Commission in these matters.

It is so ordered.

Mr. Norman Lefstein, with whom Mr. Joseph Paull, Washington, D. C., was on the motion, for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty. for appellees. Messrs. Thomas A Flannery, U. S. Atty., and John A. Terry and Mrs. Ellen Lee Park, Asst. U. S. Attys., also entered appearances for appellees.

Before BAZELON, Chief Judge, and WRIGHT and McGOWAN, Circuit Judges.

**Harold A. SPRIGGS, Appellant,**

v.

**Jerry V. WILSON et al., Appellees.**

**No. 23548**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 14, 1969.

Decided Oct. 16, 1969.

PER CURIAM:

The motion for stay is denied. In so doing, we deem it appropriate to state, as we suggested in United States v. Allen, 133 U.S.App.D.C. 84, 408 F.2d 1287 (1969), that on this record we see no reason, and the Government at oral argument has offered none beyond an unsubstantiated reference to convenience, why the right to effective assistance of counsel does not require that the description of the suspect as given to the police be made available to counsel for the appellant at the lineup. *See* United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). *See also* A.L.I. Model Code of Pre-Arraignment Procedure, Study Draft No. 1, page 32 (April

**760**

1968). We, of course, do not intend to indicate any opinion on the merits of the other issues raised on this appeal.

Motion denied.

David REISS, M.D., et al., Appellants,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare.

No. 23543.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 14, 1969.

Filed Oct. 14, 1969.

Mrs. Zona F. Hostetler, Washington, D. C., with whom Mr. James M. Johnstone, Washington, D. C., was on the motion, for appellants.

Mr. Joseph M. Hannon, Asst. U. S. Atty., for appellee. Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., also entered appearances for appellee.

Before WRIGHT, McGOWAN and ROBINSON, Circuit Judges.

## ORDER

PER CURIAM.

This case concerns the application of appellants to appellee for use of Health, Education and Welfare Department facilities for employee meetings on October 15, 1969. The cause came on for consideration on appellants' motion for "summary reversal of order by District Court denying temporary restraining order and/or preliminary relief; or, in the alternative, for injunction or stay pending appeal," and the court heard argument of counsel.

In light of the appellee's representation to the court that the auditorium facilities at both the NIH and HEW have never been made available during working hours for meetings not devoted to official business, and the further representation that he will make both facilitiese available to any recognized group, including appellant Thursday Discussion