Gary D. HARRIS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21511.

United States Court of Appeals,
District of Columbia Circuit.

Reargued En Banc June 25, 1969.

Decided March 18, 1970.

Mr. Alexander M. Heron, Washington, D. C. (appointed by the court), for appellant.

Mr. Lawrence Lippe, Asst. U. S. Atty., with whom Mr. David G. Bress, U. S. Atty., at the time the brief was filed, was on the brief, for appellee. Messrs. Thomas A. Flannery, U. S. Atty., and Roger E. Zuckerman, Asst. U. S. Atty., also entered appearances for appellee.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON and ROBB, Circuit Judges, sitting *en banc.*

PER CURIAM:

Immediately prior to appellant's trial for robbery[1] and assault with a dangerous weapon,[2] his attorney moved for leave to inspect the grand jury testimony of the complainant,[3] the sole available witness to the crimes charged.[4] The motion was denied, appellant was convicted of both offenses, and on this appeal he presses the claim that inspection should have been allowed.[5]

Rule 6(e) of the Federal Rules of Criminal Procedure empowers federal district courts to direct disclosure of grand jury testimony "preliminarily to or in connection with a judicial proceeding." Before both the trial court and the panel of this court hearing the appeal originally, both sides concentrated argument on whether appellant had demonstrated, compliably with existing authorities, a sufficient need for the testimony to warrant its disclosure.[6] Thus debated was whether the balance between the traditional secrecy of grand jury proceedings and the imperatives of an effective defense tipped in appellant's favor because of relatively minor inconsistencies between pretrial statements supplied by the complainant and the police, or because the complainant, as the only available observer of the offensive events, was a vital witness.

In cases in two circuits,[7] the courts, exercising their supervisory powers,[8]

1. D.C.Code § 22–2901 (1967 ed.), since amended (Supp. II 1969).

2. D.C.Code § 22–502 (1967 ed.).

3. Much sooner, appellant had moved *pro se* for inspection of the grand jury testimony that led to his indictment. That motion was deferred for preliminary action by the trial judge. Counsel's motion renewed and refined appellant's earlier motion.

4. There was another victim of the alleged assault, but he was never identified and never came forward to lodge a complaint.

5. We do not find reversible error on other grounds appellant urges on appeal.

6. The early decisions of the Supreme Court spoke of allowing disclosure in terms of a "particularized need where the secrecy of the proceedings is lifted discretely and limitedly." United States v. Procter & Gamble Co., 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 987, 1077 (1958). See also Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). However, in Dennis v. United States, 384 U.S. 855, 870, 86 S.Ct. 1840, 1849, 16 L.Ed.2d 973 (1966), the Court recognized "the growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." Thus *Dennis*, while recognizing the traditional reasons for grand jury secrecy, see Simmons v. United States, 113 U.S.App.D.C. 369, 370, 308

F.2d 324, 325 (1962), relaxed the stringent standard of "particularized need."

This court, in Allen v. United States, 129 U.S.App.D.C. 61, 390 F.2d 476 (1968), picked up the threads of the *Dennis* decision and held that "the threshold requirement to show need should not be stretched to a requirement to show 'particularized need,'—a term of art that may serve to obstruct useful discovery." 129 U.S.App.D.C. at 67, 390 F.2d at 482. We there listed a number of factors which would militate toward disclosure and actually erected a per se rule of sorts that disclosure is mandated for the testimony of a police officer who testifies before the grand jury in relation to a confession. *Id.* Later, in Gibson v. United States, 131 U.S.App.D.C. 143, 403 F.2d 166 (1968), we reaffirmed our *Allen* opinion and indicated that when the disclosure sought is of the testimony of the complaining witness, the trial court should be especially solicitous of the defendant's need for inspection. 131 U.S.App.D.C. at 145–146, 403 F.2d at 168–169.

The precedents were in this stage of ad hoc balancing when this case was argued.

7. United States v. Youngblood, 379 F.2d 365 (2d Cir. 1967); United States v. Amabile, 395 F.2d 47 (7th Cir. 1968), which, with the concurrence of the Government, explicitly adopted the *Youngblood* rule.

8. "Although the disposition of this appeal does not require it, we think this is an appropriate time to reexamine this cir-

have adopted a rule which requires disclosure, upon completion of direct examination of each Government witness, of the witness' grand jury testimony on the subjects about which he testified at the trial, unless a protective order is made in special cases.[9] The Government, citing the Jencks Act [10] as an analogy, advocates the same approach here.[11]

■■ We think this course is sound and we adopt it. Accordingly, we hold that in the future the accused, upon seasonable request,[12] shall be permitted, at the close of direct examination of each witness called by the Government, to inspect the grand jury testimony of the witness which is pertinent to the subjects addressed on direct examination. An exception to this requirement will obtain only where the Government, for good cause, obtains a protective order as to particular testimony.[13] In line with our doctrine on prospectivity,[14] we apply this ruling to the case at bar and to all trials begun subsequent to the date of this opinion.

We note with particular approval the Government's current practice of making the grand jury testimony of its prospective witnesses available to defense counsel at the commencement of the trial [15] save where it is anticipated that the trial will have unusual length.[16] Strong justifications for this practice are to be found among our recent expressions on claims for disclosure of grand jury testimony. In our *Gibson* decision,[17] we stated that unless there is substantial doubt that a witness will testify at trial, there is no reason to wait until trial for disclosure. In our

---

cuit's practice with reference to examination of grand jury minutes." United States v. Youngblood, *supra* note 7, 379 F.2d at 368.

9. In such a case, "the court should first examine *in camera* the material sought to be protected before making its ruling; and if material is withheld from the defendant under such an order it shall be sealed by the court and preserved for consideration on appeal." United States v. Youngblood, *supra* note 7, 379 F.2d at 370.

10. 71 Stat. 595 (1957), 18 U.S.C. § 3500 (1964), which provides, *inter alia*, that "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as [thereinafter] defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." The Act does not, however, encompass grand jury testimony. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 398, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959).

11. The Government's stand thus comports with its position in United States v. Amabile, *supra* note 7, 395 F.2d at 53, where it expressed approval of the *Youngblood* rule for the Seventh Circuit.

12. Since, as the Government informs, there often is no occasion to transcribe grand jury testimony except for inspection by the defense, a motion for production should be made in time to assure the availability of the testimony at the trial. The motion should be made either prior to, or shortly after, the date when the case is certified to the ready calendar, a date which, Government counsel informs us, is frequently the time when counsel on both sides focus on close preparation for trial, or a plea, or both. The motion need only request production of relevant grand jury testimony of the Government's trial witnesses, since the accused may not know who testified before the grand jury, or who will be called by the Government at trial, or what they will testify about.

13. The Government may request such an order at any time before the grand jury testimony is delivered to the defense. The procedure then appropriate is set forth in note 9, *supra*.

14. See Gaither v. United States, 134 U.S. App.D.C. 154, 413 F.2d 1061 (1969).

15. Upon authorization by the trial court to do so.

16. In protracted trials, disclosures of grand jury testimony are deferred, it seems, until shortly before the witness testifies.

17. Gibson v. United States, *supra* note 6, 131 U.S.App.D.C. at 146, 403 F.2d at 169.

*Allen* decision,[18] we pointed out that postponing disclosure until after a witness testifies necessarily causes delays in the trial. The Government's practice avoids delay inherent in tendering the testimony only after the witness testifies, and is in the interest of justice. In the event that the Government does not release its witnesses' grand jury testimony at the beginning of trial, any prosecution witness called in the meanwhile will automatically be subject to recall for further cross-examination by the defense if there is any reasonable basis therefor in the light of the grand jury testimony—of that or any other witness—subsequently made available to the accused.

■■■ Our holding herein necessitates a remand of this case to the District Court.[19] A new trial will be required if, on inspection of the complainant's grand jury testimony, "there is a reasonable possibility that the [testimony] could have been effectively utilized by the defense. * * * *"[20]

So ordered.

MacKINNON, Circuit Judge (concurring in part and dissenting in part):

I concur in the establishment of a rule that the trial court at the request of the defendant, after the witness has testified, should allow examination of grand jury testimony insofar as it is relevant to the witness' trial testimony, without any showing of particularized need, subject to the Government obtaining a protective order for good cause shown. I also join those who dissent as to the remand in this case.

In concurring in the establishment of the basic rule, however, I feel that should be sufficient and that we should not then immediately set out to undercut the rule by inferring that a broader rule is on the way. I accordingly have some differences of opinion as to portions of the opinion and the footnotes, some of which delve into a number of matters that were not briefed or argued:

1. As for the holding in Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), I cannot agree that it should be considered as announcing a relaxation of the standard of "particularized need," since same would be based on its *dicta*. Actually, *Dennis* represents a classic case of demonstrated particularized need based on five instances of particular needs. *Cf.* United States v. Youngblood, 379 F.2d 365 (2d Cir. 1967). And *Dennis* sought only *limited portions* of grand jury testimony.

2. Some of the cases seem to treat the release of grand jury testimony as though the Government is the only party concerned and fail to recognize that the privilege is that of the witness. It is the grand jury witness primarily that has to be protected against compulsory disclosure. We seem to lose sight of this by breaking down the bars generally and I believe our opinion should recognize whose privilege we are bandying about. In granting the motion, in addition to considering the likelihood of facilitating the possible fabrication of testimony, the court should weigh the privilege of the witness, who is usually not a party to the proceedings. *Dennis* rec-

18. Allen v. United States, *supra* note 6, 129 U.S.App.D.C. at 67, 390 F.2d at 482.

19. After issuance of a mandate following the panel decision and before the mandate was vacated by our order granting rehearing *en banc*, the complainant's grand jury testimony was made available to defense counsel. This does not render the case moot because there is need to consider the significance of certain discrepancies in the testimony. Whether these should lead to an order granting a new trial is a judgment that should be made, at least in the first instance, by the trial judge and not an appellate court. The trial judge's application of the standard for determining whether a new trial is appropriate will, however, be affected by the determination whether the grand jury testimony should have been accorded appellant as a matter of right. See Allen v. United States, *supra* note 6. That determination is accordingly appropriate for this court on this appeal.

20. Allen v. United States, *supra* note 6, 129 U.S.App.D.C. at 67, 390 F.2d at 482.

ognized the witness' interest. 384 U.S. at 875, 86 S.Ct. 1840.

3. In the Seventh Circuit, the Government stated that it had *"no objection"* to such a prospective rule. United States v. Amabile, 395 F.2d 47 (7 Cir., 1968). I cannot interpret that position as being that the Government "advocates" the change in the rule. (See 1129, note 11.) Likewise, I consider it incorrect to say that the Government here "advocates" the change.

4. Instead of saying that the grand jury testimony is to be released to the defendant save where it is anticipated that the trial "will have unusual length," a better standard, I suggest, would be whether the interests of justice might suffer. The time standard cannot be sufficiently definite and while at argument the United States Attorney referred to the length of the trial involved, they were actually using the interests of justice rule. I would restate footnote 16 to read substantially:

> The United States Attorney should be alert to expedite the trial whenever he can but should have the right to withhold the release of testimony until after a witness testifies so that the premature release will not frustrate the effect that the separation of the witnesses might have on assuring truthful testimony. There are, at least, two considerations: the protection of the witness and protection of the truth-finding process.

The underlying theory in this comment is that it is wrong to make grand jury testimony more available than written statements and affidavits of other witnesses. The latter have always been available and, except as to informers, never had any privilege. Whereas, grand jury testimony has always been privileged until witnesses testified. A proper "rule" should recognize this.

5. The majority opinion refers to Gibson v. United States, 131 U.S.App. D.C. 143, 403 F.2d 166 (1968), which states that unless there is substantial doubt that a witness will testify at trial there is no reason to wait until trial for disclosure. Actually there are many other reasons. Witnesses need protection against intimidating threats and assault, the Government needs protection against their witnesses being compromised and society needs the protection of criminal convictions that would flow from the production of truthful testimony of criminal acts being presented in court.

6. The opinion proposes remand to the trial judge, notwithstanding a very insignificant variance between the grand jury testimony and the trial testimony, on the ground that whether a new trial is to be granted is a judgment that should be made at least in the first instance by the trial judge and not by an appellate court. On this point, the Fifth Circuit in Menendez v. United States, 393 F.2d 312 (1968), states that matter is in the sound discretion of the trial judge under the rule and that it is the better practice for the trial judge to inspect; but in so holding it affirmed a conviction as to one defendant where the trial judge did not inspect the grand jury record.

The Second Circuit in United States v. Hernandez, 290 F.2d 86, 89 (1961), held that the proper time for inspection is at trial and reversed where the discretion was not exercised by the trial judge. Obviously, a trial judge's discretion cannot properly be exercised if he refuses to examine the grand jury record, and if there is the shadow of a doubt the case should be referred for that purpose. Here, however, the variance, if there is any, is so minor, that I conclude none of the "substantial rights" of the defendant have been "affected" and hence I would not remand. In my opinion, Fed. R.Crim.P. 52(a) [1] requires that such a defect be disregarded. I consider the appellate court under Rule 52 has a duty to weigh the alleged error and to deter-

---

[1]. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Rule 52(a).

mine whether it affects "substantial rights," and when it refuses to do so, it commits the same type of error as it accuses the trial court of committing when it fails to examine the grand jury record.

ROBB, Circuit Judge (dissenting):

At the argument before the court *en banc* it developed that following the issuance of our previous opinions on January 22, 1969, and before they were vacated, the District Judge furnished the defendant with a transcript of the grand jury testimony of the complaining witness. Examination of this transcript, consisting of three pages, disclosed only one minor and insignificant difference between the grand jury testimony and the testimony of the witness at trial.[1] In my opinion, therefore, there is no need for any further hearing in the District Court.

The robbery and assault with a pistol charged in the indictment occurred in August 1966. The appellant was tried and convicted in September 1967. Now in March 1970 we send the case back for further proceedings in the District Court.[2] Whether or not a new trial is granted, another appeal to this court may follow. Instead of thus protracting the case upon grounds which to me seem insubstantial and unrealistic I think we should bring the matter to a close by affirming the judgment.

If we are to use this case as a vehicle for rule making I would not invite any relaxation of the rule and procedures adopted by the Second Circuit in United States v. Youngblood, 379 F.2d 365 (2d Cir. 1967), and the Seventh Circuit in United States v. Amabile, 395 F.2d 47 (7th Cir. 1968) and suggested in Judge Bastian's vacated opinion of January 22, 1969.

Senior Circuit Judge BASTIAN and Circuit Judge TAMM concur in this dissent.

---

1. Both before the grand jury and at trial the complaining witness testified that he was held up and robbed by Harris and a co-defendant in a public rest room in Franklin Park, near 13th and K Streets, N. W., in Washington. After the holdup the witness chased the robbers north on 13th Street to K Street. A police officer who was patroling K Street on a motorcycle saw the appellant running with the complaining witness behind him, yelling. The officer joined in the pursuit, overtook the appellant and arrested him at 12th and K Streets, N. W.

   The only difference between the grand jury testimony and the testimony of the complaining witness at trial—if it is a difference at all—is this: before the grand jury the witness testified that before going to the rest room he parked his car at 13th and L Streets, N. W., near Franklin Park. At trial, he testified that he parked on the corner of 13th and K Streets between K and L, near Franklin Park.

   The co-defendant, who was also apprehended near the scene of the robbery by another passing police officer, and who was convicted with the appellant, has not appealed.

2. In the interim, in February 1968, the appellant was convicted of armed robbery and assault with a sawed-off shotgun, committed in February 1967. This case is now pending on appeal in this court. (No. 21,757)