**UNITED STATES, Appellant,**

v.

**Larry James ELEY, Appellee.**

No. 5936.

District of Columbia Court of Appeals.

Argued Dec. 22, 1971.

Decided Jan. 24, 1972.

See 287 A. 2d 830.

Paul L. Friedman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry, Earl J. Silbert, and David T. Austern, Asst. U. S. Attys., were on the brief, for appellant.

Robert M. Weinberg, Washington, D. C., with whom Norman Lefstein, John Perazich and Richard H. Ringell, Washington, D. C., were on the brief, for appellee.

Before NEBEKER, REILLY and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge.

This appeal by the United States is from a lineup order.[1] It questions a ruling by the trial court that as a condition of the lineup the Government must furnish the defense prior to the lineup the descriptions of the suspects as given by the attending witnesses as well as the witnesses' names and addresses. In reversing, we hold, pursuant to existing case law, that such pretrial discovery of the Government's potential case is not constitutionally required and is, in light of the manner by which lineups are presently conducted, beyond the power of the trial court to then control. Existing rules of procedure should govern the disclosure of witnesses' descriptions of suspects as well as the witnesses' identifications.

Appellee was arrested and formally charged in a complaint with grand larceny.[2] At the time of presentment, the Government requested the court to sign a lineup order covering this and other offenses having a similar *modus operandi*.[3] Appellee's response was a request that the court order the Government to furnish, before the lineup, any prior descriptions given by the witnesses and the names of all witnesses who would attend the lineup. Over the Government's objection, the court granted appellee's request by noting above his signature on the lineup order submitted by the Government, "ORDERED, description

---

1. Adams v. United States, 130 U.S.App. D.C. 203, 399 F.2d 574 (1968).

2. *See* D.C.Code 1967, § 22–2201.

3. Such an order, based on Adams v. United States, *supra* note 1, 130 U.S.App.D.C. at 207–08, 399 F.2d at 578–79, may extend to other offenses of similar *modus operandi*. *See* United States v. Allen, 133 U.S.App.D.C. 84, 408 F.2d 1287 (1969).

to be given to defendant, names of witnesses." The Government filed a motion for reconsideration requesting the trial judge to issue a new lineup order omitting any requirement that the Government disclose the names of witnesses or descriptions of suspects. The motion for reconsideration was heard and at that hearing lineup procedures were described.

Thereafter, the trial court judge issued a Memorandum Order in which he imposed as conditions for the lineup that the Government, among other things, (1) "furnish to the defendant prior to the lineup the description of the suspects as given by the witnesses to the offenses", and (2) "furnish prior to the time of the lineup the names and addresses of all witnesses attending the lineup". A stay of the order, pending appeal, was granted after the Government noted its appeal.

The jurisdiction of this court to entertain appellate review of lineup orders has previously been upheld under the rationale that a pretrial lineup order is an appealable final order under D.C.Code 1967, § 11–721 (a) (1) (Supp. IV, 1971). *See* Wise v. Murphy, D.C.App., 275 A.2d 205, 211 (1971) (*en banc*). Here, attributes of finality are found in the fact that the order appealed from finally determines the right of the Government to investigate its case and potential cases without premature discovery not otherwise provided by law.

The trial court's ruling was founded on the requirement that a suspected person is entitled to have counsel present at lineup proceedings as held in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967). *Wade* held that the Sixth Amendment required the authorities to allow counsel to attend lineup proceedings because such lineups were a "critical stage" under then existing and assumed lineup procedures. Although *Wade* described a function of counsel as aiding in "preventing the infiltration of taint" (*id.* at 238, 87 S.Ct. 1926) in identification evidence, we understand that the court viewed the primary role of counsel to be that of reconstructing the lineup setting at later proceedings.[4] The former role is more cooperative in that suggestions of defense counsel may be followed and lineup contests averted.

Reported decisions in the District of Columbia reveal that some judges of the United States Court of Appeals have indicated a preference for a rule requiring disclosure of names of witnesses and descriptions of suspects to the defendant prior to a lineup.[5] However, in the two leading decisions, United States v. Allen, 133 U.S.App.D.C. 84, 408 F.2d 1287 (1969), and Spriggs v. Wilson, 136 U.S.App.D.C. 177, 419 F.2d 759 (1969), the court spoke of such disclosure only in dicta, the holdings leaning to the contrary. Though presented on numerous occasions with the same issue, that court has yet to hold that such discovery is constitutionally required. Moreover, it is highly significant that such discovery was not even required through the exercise of supervisory authority over the administration of justice by that court when it was charged with that responsibility.[6] (*E. g.,* Pea v. United States, 130 U.S.App. D.C. 66, 76, 397 F.2d 627, 637 (1967) (*en banc* opinion, 1968); Durham v. United States, 94 U.S.App.D.C. 228, 240, 214 F.2d 862, 874 (1954)).

No cases to our knowledge have treated the disclosure of names of witnesses and descriptions of suspects at a lineup as an

---

4. This view is supported by the reasoning found in United States v. Wade, 388 U.S. 218, 239 n. 30, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967), which suggests that if the reconstructive functions of counsel can be replaced through "scientific method" and improved procedures, then the lineup might cease to be characterized as a "critical stage" and a need for counsel would no longer exist. The Court cautioned that it was creating no "constitutional straitjacket". *Id.* at 239, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

5. *See* Spriggs v. Wilson, 136 U.S.App.D.C. 177, 419 F.2d 759 (1969); United States v. Allen, *supra* note 3.

6. *See* United States v. Yates, D.C.App., 279 A.2d 516, 518 (1971).

inherent element of the constitutional right to the assistance of counsel when counsel is present at the pretrial confrontation. Neither do we deem the right to the assistance of counsel as constitutionally compelling such disclosure at lineup proceedings. Indeed, in *Wade* the Supreme Court recognized that disclosure of identity of witnesses could be prevented if the Government desired their protection. *Id.* at 238 n. 28, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Moreover, we were advised at oral argument that some judges of the United States Court of Appeals for the District of Columbia Circuit, in cases like this one, have recognized, as we do, that intimidation, in many forms, is exerted on witnesses to crimes whose identity is known to the accused. Indeed, it is obvious that potential intimidation of witnesses is the reason why that court has not required disclosure of grand jury testimony until after "the close of direct examination of each witness called by the Government". Harris v. United States, 140 U.S.App.D.C. 21, 433 F.2d 1127

(1970) (*en banc*). This danger is reason enough to refuse such disclosure until the ordinary discovery rules come into play.[7]

Under the existing lineup procedures [8] an accused person or his attorney is abundantly equipped to know whether suggestiveness has infested the identification testimony either to the extent that a motion to suppress is in order or to the degree that an argument might be made respecting the veracity of the identification by the witness. Moreover, the material sought by the accused in this case is otherwise timely available to him for such use as the law allows. United States v. Stevenson, 443 F.2d 661 (D.C.Cir., 1971). For these reasons, the order of the trial judge is reversed insofar as it requires the Government to disclose the names and addresses of witnesses or descriptions of suspects as a condition precedent to the requested lineup.

So ordered.

7. Fed.R.Crim.P. 16(b) ; SCR Crim.P. 16 (b) ; and 18 U.S.C. § 3500 (1970) (Jencks Act) incorporated therein. The fear of intimidation of witnesses inherent in early pretrial discovery was one of the underlying policy considerations taken into account in the formulation of these rules. *See* Fed.R.Crim.P. 16 (Notes of Advisory Committee on Rules).

8. It is undisputed that those procedures have been accurately described by the Government to the trial court, to this court, and to the United States Court of Appeals in earlier cases before it. Since this issue first arose in the courts here, we have been advised that improvements have been made in the lineup procedures. One-way glass panels have been installed ; sound recordings and photographs are being made. Of course, counsel is present and may make suggestions as well as hear all lineup dialogue.

The use of one-way glass panels was no doubt to allay fear by witnesses that those in the lineup could see them through the mesh screen previously used. Experience demonstrates the witnesses to crime are afraid of suspects, often with good cause, even in ordinary street-type crime as distinguished from so-called organized crime. United States v. Hinkle, 448 F.2d 1157 (D.C.Cir., 1971).