**UNITED STATES, Appellant,**

v.

**Larry James ELEY, Appellee.**

**Larry James ELEY, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 5936, 6327.**

District of Columbia Court of Appeals.

Feb. 29, 1972.

---

Richard H. Ringell, Washington, D. C., Robert M. Weinberg, John Perazich, Norman Lefstein, Public Defender Service, Washington, D. C., for Larry James Eley.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, Paul L. Friedman, Asst. U. S. Attys., Washington, D. C., for the United States.

Before NEBEKER, REILLY and YEAGLEY, Associate Judges.

ORDER

PER CURIAM.

These consolidated motions for a stay pending the filing of a petition for writ of certiorari (No. 5936) [1] and for stay pending appeal (No. 6327) came on for hearing on the pleadings and the record in each case and were argued by counsel.

On consideration thereof, the court holds:

1. United States v. Eley, D.C.App., 286 A.2d 239 (No. 5936, decided January 24, 1972). The government's right of appeal in No. 5936 was grounded on attributes of finality respecting premature discovery of its cases not provided by statute or court rule.

2. In Adams v. United States, 130 U.S.App. D.C. 203, 399 F.2d 574 (1968), which initiated this innovative procedure, the court spoke of "other crimes for which there is less than probable cause to arrest." Id. at 208, 399 F.2d at 579. No limitation as to similar crimes was or indeed could have been imposed. In United States v. Allen, 133 U.S.App.D.C. 84, 408 F.2d 287 (1969), the Government proceeded on a similar modus operandi theory, but the court did not exclude other

▪ (1) That nothing in Adams v. United States, 130 U.S.App.D.C. 203, 399 F.2d 574 (1968); United States v. Allen, 133 U.S.App.D.C. 84, 408 F.2d 1287 (1969); Spriggs v. Wilson, 136 U.S.App. D.C. 177, 419 F.2d 759 (1969); or Wise v. Murphy, D.C.App., 275 A.2d 205 (1971) (*in banc*) sets the outer limit of other suspected offenses, which an "Adams" lineup order may include in addition to the offense or offenses charged, at offenses of a similar modus operandi.[2] Accordingly, there is no requirement that a basis for other lineup viewings be grounded in a showing of similar modus operandi when the accused is also to be viewed by witnesses to the offense or offenses charged.

▪ (2) That notwithstanding (1) above, the policy against piecemeal appeals (DiBella v. United States, 369 U.S. 121, 126, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962)), precludes the defense from now challenging the sufficiency of allegations respecting similarity of offenses which are to be the subject of other viewings by witnesses to offenses other than the ones in the cases presently under indictment and for which the lineup is also scheduled.

▪ (3) That where a defendant, lawfully subject to the jurisdiction of the trial court by virtue of a criminal charge, is ordered to be placed in a lineup, that order is not an appealable order.[3]

bases for seeking an "Adams" order for other offenses. There the primary concern was with regularity and fairness of lineup procedures. Indeed, it is always possible that a lineup witness respecting one crime may identify another person in the lineup for an offense not then under investigation. In *Wise* the completely different issue was disruption of unconditional liberty for a single suspected offense. The Fourth Amendment clearly requires a reasonable basis for doing so.

3. The appealability of the order in Wise v. Murphy, D.C.App., 275 A.2d 205 (1971), was based on the fact that the order was the only means of in personam jurisdiction over the suspect and that relevant Fourth Amendment policies require the earliest and most effective means of insuring ap-

(4) That because defendant is relying primarily on contrary "dicta expressed by the United States Court of Appeals for the District of Columbia Circuit in analogous cases", it does not appear that there is a likelihood of success on a petition for writ of certiorari.

(5) That having previously failed to seek a stay of our mandate (transmitted on February 15, 1972) and in view of (1) through (4) above, the instant motions can result only in unwarranted delay which will also weaken potential lineup identifications that, to be of value, must be made, if at all, as soon as practicable.

Now wherefore, it is this 29th day of February, 1972,

Ordered (1) that the appeal in No. 6327 be and hereby is dismissed; (2) that the motion for a stay pending appeal therein be and hereby is dismissed as moot; and (3) that the motion for a stay pending filing of a petition for writ of certiorari be and hereby is denied.

pellate review of an order which has the effect of disrupting unconditioned liberty for the limited purpose of the lineup. These considerations are not present in the usual "Adams" lineup order. The right of appeal by the Government from the previous order in No. 5936 is likewise based on factors not present when an "Adams" order is entered in an existing criminal case. The ordinary mode of review, in the event of conviction, from a denial of a motion to suppress is the means available to one charged with a crime to ensure lineup regularity and fairness.