**UNITED STATES of America, Plaintiff,**

v.

**Eddie Lee ALSTON, Defendant.**

**Crim. No. 77–198.**

United States District Court,
District of Columbia.

March 25, 1980.

Raymond Banoun, Asst. U. S. Atty., Washington, D.C., for the Government.

John R. Erickson and Linda A. Schneider of Pierson, Ball & Dowd, Washington, D.C., for Kay Jewelers, Inc.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

Kay Jewelers, Inc., the defendant in an employment discrimination suit in the United States District Court for the District of Maryland, has filed a motion in this criminal case for disclosure of defendant Eddie Lee Alston's testimony before the grand jury that indicted him. Alston is the plaintiff in the employment discrimination suit.

Alston was convicted in this Court on fraud and other charges for engaging in a scheme whereby he would illegally alter bad credit ratings for a fee. He appealed and the Court of Appeals affirmed his conviction on 25 counts of the 35-count indictment, vacated the judgment on 10 counts, and remanded the case to this Court for resentencing. Because resentencing is now pending, this Court still has jurisdiction over the criminal case.

Kay Jewelers seeks the grand jury testimony to obtain information regarding Alston's former employment and his earnings after his discharge from employment with it. It seeks to learn, in particular, his earnings from the illegal credit referral scheme, as well as those from his legitimate employment, and alleges that Alston has been less than forthcoming in his responses to its discovery requests on these questions. Thus, movant argues, disclosure is appropriate pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure.[1]

■ Although the government has indicated in its response that it has no objection to disclosure of Alston's grand jury testimony, the Court must deny the motion for two reasons. First, and most important, movant has not served Alston with a copy of the motion as required by Rule 49(a) of the Federal Rules of Criminal Procedure.[2] Alston is a party to this case and has standing to object to disclosure of his grand jury testimony. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n. 8, 99 S.Ct. 1667, 1672 n. 8, 60 L.Ed.2d 156 (1979); *United States v. RMI Co.*, 599 F.2d 1183, 1186–90 (3d Cir. 1979); *State of Illinois v. Sarbaugh*, 552 F.2d 768, 773 (7th Cir. 1977). Therefore he was entitled to notice and an opportunity to be heard on this question.

■ Second, movant has failed to follow the procedure set out by the court of appeals for this circuit for matters such as this in *Gibson v. United States*, 403 F.2d 166 (1968). In that case the court of appeals approved the district court's determination that the proper administrative procedure in a case such as this is for the movant to apply first to the court in which the principal action lies for certification that disclosure is warranted. *Id.* at 168. This relieves the grand jury court of the difficult task of attempting to ascertain, in a case in which it is not otherwise involved, that there is a true need for disclosure. Under the certification procedure, the court that is most competent to make that determination has the responsibility for making it. If it does certify the matter to the grand jury court, that court is then in a position to balance the need for disclosure against the need for secrecy, a determination which it is most competent to make.

\* \* \* \* \* \*

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—
(i) when so directed by a court preliminarily to or in connection with a judicial proceeding.

\* \* \* \* \* \*

1. *Federal Rule of Criminal Procedure 6(e) provides in pertinent part:*

(e) Secrecy of Proceedings and Disclosure.—
(2) General rule.—A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of rule 6 may be punished as a contempt of court.
(3) Exceptions.—

2. *Federal Rule of Criminal Procedure 49(a) provides:*

(a) Service: When Required. Written motions other than those which are heard *ex parte*, written notices, designations of record on appeal and similar papers shall be served upon each of the parties.

Use of this procedure has been noted with approval by the Supreme Court in *Douglas Oil Co. v. Petrol Stops Northwest, supra,* 441 U.S. at 228, 99 S.Ct. at 1677, by the second circuit in *Baker v. United States Steel Corp.,* 492 F.2d 1074, 1076–77 (1974), and the seventh circuit in *State of Illinois v. Sarbaugh, supra,* 552 F.2d at 773 n. 5. Although it is certainly not the only procedure that could be used, and is not the one the Supreme Court settled on in *Douglas Oil,*[3] it is especially attractive given the facts of this case. It will offer Alston an opportunity to voice his objections to disclosure, if he has any, at the outset, possibly precluding the need for any ancillary proceeding. In addition, it will allow the trial judge to evaluate whether or not available discovery devices, such as a motion to compel, would be preferable to disclosure of the grand jury transcripts.

Such a procedure will not unduly prejudice movant, given the time constraints occasioned by the April 2 trial date, since its motion must be denied in any event for failure to notify Alston. The prescribed procedure will put the matter before the district court in Maryland where the court, if it determines that disclosure is warranted and that the material sought is necessary to movant's defense, may grant a continuance in the trial date.

■ This Court will deny the pending motion without prejudice to movant's refiling it here if the district court in Maryland certifies the matter to this Court. If movant does refile, however, it should file the motion as a separate proceeding on this Court's miscellaneous docket, since this matter bears no relationship beyond the most incidental to this criminal case. Alston would then be permitted to intervene under Rule 24(a)(2) of the Federal Rules of Civil Procedure if he so desired. *State of Illinois v. Sarbaugh, supra,* 552 F.2d at 773; cf. *United States v. RMI Co., supra,* 599 F.2d at 1186 (permitting intervention in a criminal proceeding). See generally *Douglas Oil Co. v. Petrol Stops Northwest, supra,* 441 U.S. at 218 n. 8, 99 S.Ct. at 1672 n. 8.

Despite its miscellaneous classification, the case would properly be assigned to this Court rather than the motions judge since, as the Supreme Court observed in *Douglas Oil, supra:*

> Ideally, the judge who supervised the grand jury should review the request for disclosure, as he will have first-hand knowledge of the grand jury's activities.

441 U.S. at 225, 99 S.Ct. at 1676. This would be the most efficient procedure in this case, and therefore should be followed.

IT IS SO ORDERED.

---

**3.** The Supreme Court in *Douglas Oil* did not set out its suggested procedure there as the only permissible one. It said:

> We do not suggest, of course, that such a procedure would be required in every case arising under Rule 6(e). Circumstances that dictate the need for cooperative action between the courts of different districts will vary, and procedures to deal with the many variations are best left to the rulemaking procedures established by Congress.

*Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 231, 99 S.Ct. 1667, 1679, 60 L.Ed.2d 156 (1979). The Court noted that in some cases the court that originally receives the Rule 6(e) request will be in a position to rule on the motion and will not need to use the two-court evaluation procedure at all.

The aim is to have the court best informed on the question of need for secrecy and the court best informed on the need for disclosure evaluate those needs in the most efficient way possible. In this case, as explained above, the *Gibson* procedure is the most efficient.