Thomas Keller **WHITE** and Hal W. **Metz,** Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 25955.

United States Court of Appeals Fifth Circuit.

June 18, 1969.

Richard A. Kanner, Miami, Fla. (Court-appointed) for White.

Aram P. Goshgarian, Miami Beach, Fla., for Metz.

William A. Meadows, Jr., U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and COMISKEY, District Judge.

PER CURIAM:

The appellants, White and Metz, were indicted as codefendants and were jointly tried in the United States District Court for the Southern District of Florida. Both were convicted on a count charging that they conspired to receive and pass counterfeit federal reserve notes in violation of 18 U.S.C. §§ 371, 472, 473 (1964), and each was convicted on two counts charging substantive violations of 18 U.S.C. § 472 (1964).

■ On this appeal, Metz raises two points of error. First, he contends that he was denied an adequate opportunity prior to trial, to inspect certain fingerprint and handwriting exhibits which were in the possession of the Government. In a pre-trial order, the district court directed that such exhibits be made available to Metz. Although the exhibits were not made available to Metz's satisfaction, the trial court found no violation of its order. · We are not convinced that the court abused its discretion in the handling of this discovery matter. *See* Gevinson v. United States, 358 F.2d 761, 766 (5th Cir.1966).

■ Appellant Metz also contends that the court erred in denying his motion for a separate trial. It is settled law that the grant or denial of a motion for severance is a matter within the sound discretion of the trial court and its ruling will not be disturbed unless there is a positive showing of abuse of discretion resulting in prejudice to the movant. Blachly v. United States, 380 F.2d 665, 674–675 (5th Cir.1967). It does not appear from the record that Metz was prejudiced by the joint trial.

■ Appellant White contends that he was denied his sixth amendment right of confrontation by the introduction of an extrajudicial confession of

codefendant Metz. The oral confession of Metz was offered into evidence through the testimony of a Secret Service agent. Nowhere in the agent's recital of the confession was there any reference to appellant White. The trial court instructed the jury that the witness was called to testify against Metz only and that his testimony should not be considered in determining the guilt or innocence of any other defendant. In the circumstances of the case, the possibility that appellant White was prejudiced by the introduction of Metz's confession is extremely remote. This case is unlike Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), in which the jury was told that a codefendant had confessed, naming the defendant Bruton as an accomplice. Since Metz's confession did not implicate or inculpate White, it follows that White was not denied his right of confrontation. United States v. Lipowitz, 407 F.2d 597, 601–603 (3d Cir.1969); Wapnick v. United States, 406 F.2d 741, 742 (2d Cir.1969); United States v. Levinson, 405 F.2d 971, 987–988 (6th Cir.1968).

■■ A final contention urged by appellant White must also fail. Following the cross-examination of a government witness, White's counsel requested that the grand jury testimony of the witness be made available to him. Counsel did not articulate any particular need for the testimony and the trial court denied his request. Appellant White's contention that the denial was reversible error is meritless since it appears well established that a defendant is entitled to examine the grand jury testimony of a trial witness only upon the showing of "a particularized need" for the examination.[1] Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); Stassi v. United States, 401 F.2d 259, 265 (5th Cir.1968); *see* Dennis v. United States,

384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

Having examined all the contentions raised by the appellants, we conclude that the judgments of conviction should be affirmed.

Affirmed.

---

1. Appellant White's request was made without allegation or showing that the matter sought was material to preparation of his defense and, therefore, was not within Rule 16(b), Fed.R.Cr.P. Cf. United States v. Hughes, 5th Cir. 1969, 413 F.2d 1244.