**UNITED STATES of America**

v.

**John IANNELLI et al., Defendants.**

**No. 71 Cr. 311.**

United States District Court,
S. D. New York.

Aug. 24, 1971.

Whitney North Seymour, Jr., U. S. Atty., by Peter F. Rient, Asst. U. S. Atty., New York City, for the United States.

Lanna, Coppola & Rosato, Yonkers, N. Y., for John Iannelli.

PIERCE, District Judge.

### MEMORANDUM OPINION

The defendants in this case are charged with conspiracy to misapply

bank funds and with five substantive acts of misapplication of bank funds, in violation of 18 U.S.C. Secs. 2, 371, 656 (1964). Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, defendant John Iannelli moved for a bill of particulars. The defendant requested eight items, six of which the Government has consented to provide. The remaining two items are at issue here.

■ First, the defendant seeks a statement of "the dates or date, times and places of the making of the alleged conspiracy." It has been held that the Government is not required to furnish the exact date of a conspiracy agreement. United States v. Wolfson, 289 F. Supp. 903, 912–914 (S.D.N.Y.1968), aff'd, 405 F.2d 779 (2d Cir. 1968), cert. denied, 394 U.S. 946, 89 S.Ct. 1275, 22 L.Ed.2d 479 (1969). Generally, the particulars as to the formation of a conspiracy need not be set forth by the prosecution. United States v. McCarthy, 292 F.Supp. 937 (S.D.N.Y. 1968).[1] The details of the creation of the conspiracy are not necessary either to allow the defendant to prepare his defense or to plead double jeopardy. Defendant's motion is accordingly denied.

■ Second, the defendant seeks a description of "any overt acts not enumerated in * * * the Indictment concerning which acts the government intends to offer evidence on trial * * *." In United States v. Calegro De Lutro, 309 F.Supp. 462 (S.D.N.Y.1970) a similar motion was denied.[2] In that case Judge Mansfield stated that the Government would not be required to prove overt acts not contained in the indictment and, therefore, such acts do not

constitute ultimate facts necessary to prepare for trial, to avoid surprise or to plead double jeopardy. This Court finds Judge Mansfield's reasoning to be persuasive. Defendant's motion is hereby denied.

Defendant has also moved pursuant to Rule 16, F.R.Crim.P., for discovery and inspection. The Government consented to all of the requests, except one, which was phrased as follows:

> All documents including but not limited to photographs, written material, records, files, letters and copies thereof, memoranda, handwritten notes, bills, invoices, reports, records, data sheets, tapes or any other physical object however produced or reproduced which in any way were involved in the work of and the examination by the public officials regarding the contents of this Indictment.

■■ Discovery pursuant to Rule 16 (b) requires the defendant to show that the requested items are material to the preparation of his defense and that the request is reasonable. Where a defendant fails to make these two showings, the motion for discovery will be denied. United States v. Conder, 423 F.2d 904, 910 (6th Cir. 1970), cert. denied, Pegram v. United States, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970); United States v. Evanchik, 413 F.2d 950, 953 (2d Cir. 1969); United States v. Louis Carreau, Inc., 42 F.R.D. 408, 416 (S.D. N.Y.1967); United States v. Cobb, 271 F.Supp. 159, 161–162 (S.D.N.Y.1967). In this case, the defendant did not even attempt to make the necessary showings of materiality and reasonableness. Defendant's motion is therefore denied.

So ordered.

1. See also United States v. Crisona, 271 F. Supp. 150, 156 (S.D.N.Y.1967), aff'd, 416 F.2d 107 (2d Cir. 1969), cert. denied, De Lyra v. United States, 397 U.S. 961, 90 S.Ct. 991, 25 L.Ed.2d 253 (1970); United States v. Kahaner, 203 F.Supp. 78, 83–85 (S.D.N.Y.1962); United States v. Bozza, 234 F.Supp. 15, 16–17 (E.D.N.Y. 1964).

2. But see United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y.1967).