**UNITED STATES of America,
Plaintiff,**

v.

**Brian DUFFY, Defendant.**

**No. 71 CR 1016.**

United States District Court,
N. D. Illinois, E. D.

March 31, 1972.

---

2. See Altman v. Connally, 456 F.2d 1114 (2d Cir., 1972).

A. E. Lapidus, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

William J. Martin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

PHILIP W. TONE, District Judge.

Defendant is charged with perjury before the grand jury in violation of 18 U.S.C. § 1341, in that he denied ever referring accident victims to a personal injury attorney. The indictment alleges that the defendant referred "numerous" accident victims to an attorney. Defendant has asked that the government be required to furnish him, prior to trial, with the grand jury testimony of those "numerous" accident victims which the government intends to call as witnesses.

The government relies upon 18 U.S.C. § 3500(a), which prohibits the discovery of any "statement" of a prospective government witness until after he has testified at trial, and asserts that Subsection (e) (3) of Section 3500, added in 1970, defines "statement" to include grand jury testimony. Subsection (e), however, specifically limits the applicability of its definition of "statement" to Subsections (b), (c), and (d) of Section 3500, pointedly excluding Subsection (a). It would appear clear that Congress did not intend that Subsection (a) apply to grand jury testimony.

To hold otherwise would mean that Congress intended to abrogate by implication that portion of Rule 6(e) of the Federal Rules of Criminal Procedure which states:

> "Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."

As stated in United States v. Tanner, 279 F.Supp. 457, 472 (N.D.Ill.1967):

> "Although pursuant to Rule 6(e), the proceedings of the Grand Jury are supposed to be shrouded in secrecy, except insofar as the Government attorneys are concerned, the trial court has the inherent power and unmitigated duty to lift the lid of secrecy in order to insure that justice will be done."

The American Bar Association Minimum Standards for Criminal Justice provide for disclosure before trial of "those portions of grand jury minutes containing testimony of the accused and relevant testimony of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial." (ABA, Project on Minimum Standards for Criminal Justice, Standards Relating to Discovery and Procedures Before Trial (Approved Draft, 1968), p. 53.) This is said by the Advisory Committee to be "an appropriate invasion of traditional grand jury secrecy, consistent with the investigative purposes for which such secrecy should otherwise be retained." (*Id.* at pp. 64, 66.)

It is necessary for the defendant to show a "particularized need." Dennis v. United States, 384 U.S. 855, 86 S. Ct. 1840, 16 L.Ed.2d 973 (1966). Because of the nature of the charge in the

case at bar, perjury before the grand jury, there is a particularized need for the production of the grand jury testimony of those witnesses whom the government will present at trial. Whether the defendant has perjured himself will depend on a comparison of his testimony with the testimony of the other witnesses, which will presumably be the same at the trial as it was before the grand jury. Nuances in the testimony of those witnesses may be important. The government has access in advance of trial to both the testimony of defendant and the testimony of the other witnesses, and fairness requires that the defendant have like access to the same testimony.

This holding is limited to the facts of the present case, in which, because of the nature of the charge, the production of the grand jury testimony of prospective government witnesses is essential to inform the defendant of the particulars of the offense alleged. The existence of particularized need will depend on the facts of each case.

It is therefore ordered that the government provide to the defendant the grand jury testimony of those persons the government intends to call as witnesses at the trial.