**UNITED STATES of America**

**v.**

**Johnnie Lee SINK.**

**Crim. No. 72-475.**

United States District Court,
E. D. Pennsylvania.

Sept. 19, 1972.

Raymond E. Makowski, U. S. Dept. of Justice, Philadelphia, Pa., for plaintiff.

Lester J. Schaffer, Zink, Owens & Shinehouse, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

The defendant, Johnnie Lee Sink, charged under four counts of an indictment with violating 29 U.S.C.A. § 186(b)(1), (d) (1964) (Labor Management Relations Act), brings this motion for pretrial discovery and inspection under Rule 16, Fed.R.Crim.P. The motion sets forth seven requests which will be treated *seriatim:*

1. "A transcript of the grand jury testimony of the witnesses leading to the within indictment."

■■■ This request comes under the purview of section (b) of Rule 16. The section permits such discovery "upon a showing of materiality to the preparation of [the] defense and that the request is reasonable." A distinction must be drawn between the grand jury statements of persons whom the government intends to call as trial witnesses, and the statements of all other grand jury witnesses. The first category is protected from discovery by the defendant under 18 U.S.C.A. § 3500(e)(3) until after the witness has testified at trial. These statements are, therefore, not discoverable under Rule 16(b). Benefield v. United States, 370 F.2d 912, 914 (5th Cir. 1966). The second category is further divisible— those witnesses before the grand jury favorable to the defendant, and those witnesses not to be called at trial for some other reason. The "favorable witnesses" hypothetical need not detain us since any such statements would be provided to the defendant under the compunction of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The second sub-category is not discoverable in this instance since the defendant has made *no* showing of materiality, and this is especially deficient in a case, such as the present one, where the government does not intend to "use" these witnesses against the defendant at the trial. Here, there is not the faintest glimmer of materiality; indeed, counsel's brief in support of the motion cites only one reason for granting the motion—"as a means of avoiding unnecessary delays at trial."

In Young v. United States, 132 U.S. App.D.C. 142, 406 F.2d 960, 961 (1968), the court reviewed the trial court's denial of defendant's motion to examine the grand jury testimony of the complaining witness who was not called at trial. Judge Danaher responded, "we have been pressed to say that the *Dennis* and *Allen* holdings should be extended to require the disclosure of the grand jury testimony of the non-appearing [witness]. No authority has been cited as so holding, and our diligent search has disclosed none."[1] The court of appeals made its own examination of the witness's grand jury testimony and found nothing of assistance to the defense. Request No. 1 is, therefore, denied.

[1] In Allen v. United States, 129 U.S.App.D.C. 61, 390 F.2d 476, 482 (1968), the court announced "a 'per se' rule that a defendant has the requisite 'need' for the grand jury testimony of a police officer who testifies in relation to a confession," and no more particularized showing is necessary in such circumstances. The court seems to have assumed that the police officer would testify at trial and intimates in a footnote (n. 16 at p. 482) that if the officer did not appear to be substantially likely to testify, the transcript might not be made available pretrial.

*Young, Allen* and *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966) all dealt with discovery of grand jury transcripts under Rule 6(e), but the reasoning is equally applicable to the present 16(b) motion.

2. "The names and addresses of the witnesses whom the Government intends to call at trial."

There is no need to consider request No. 2 since defendant's memorandum states "[t]he Government has furnished defendant with the names of the persons whom he [sic] intends to call as witnesses." This point is, therefore, moot.[2]

3. "The statements of any Government witnesses in the possession of the Government."

■ Request No. 3 runs afoul of the Jencks Act (18 U.S.C.A. § 3500(a), (e) (1), (2)) and for that reason is denied.

4. "The statements of any witnesses whom the Government does not intend to call at trial."

■ Rule 16(b) specifically states that ". . . this rule does not authorize the discovery or inspection . . . of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in [the Jencks Act]." The Jencks Act does not assist the defendant in this request since the witnesses, not being called at trial, do not come under its scope. These "uncalled witnesses" are, therefore, in a "twilight zone" which Professor Wright has characterized as "a gap here on which the rule [16(b)] is silent." Wright, Recent Changes in the Federal Rules of Procedure, 42 F.R.D. 552, 569 (1966). Such a "gap", if it does exist, is sufficiently filled in by the mandate of Brady v. Maryland, *supra*. A similar question was raised in United States v. Jordan, 399 F.2d 610, 615 (2d Cir.), cert. denied, 393 U.S. 1005, 89 S.Ct. 496, 21 L.Ed.2d 469 (1968). In that case, one of the defendants sought 16(b) discovery of "all materials which might be useful in the preparation of a defense, including names and addresses of witnesses whose statements appeared to assist neither the prosecution nor the defense and witnesses who gave no statement." In reviewing the trial court's denial of the motion, Hays, J. answered for the court:

To the extent that Rule 16(b) requires discovery of this kind of material at all, it is only on 'a showing of materiality to the preparation of [the] * * * defense and that the request is reasonable.' The Advisory Committee Notes (printed in 18 U.S. C.A. (Supp.1967) following Rule 16) state that the 'requirement of reasonableness will permit the court to define and limit the scope of the government's obligation to search its files.' Clearly the trial court did not abuse its discretion under Rule 16(b) in denying access to the material sought.

Brady v. State of Maryland merely holds that due process requires the government to produce upon request 'evidence favorable to an accused' which is 'material either to guilt or to punishment.' (citation omitted.) It does not require the government to disclose the myriad immaterial statements and names and addresses which any extended investigation is bound to produce. [Defendant] contends that it is for defense counsel to determine what evidence is favorable to his client. We hold that the decision is one for the trial court, subject to appellate review.

■ In the present case, the defendant makes no claim that the matter sought in request No. 4 is exculpatory (thereby calling *Brady, supra,* into play). The prosecution is, of course, under a duty to turn over *exculpatory* evidence to the defendant, but the prosecution is *not* under a general duty to help the defendant *find* favorable witnesses (United States v. Callahan, 300 F.Supp. 519, 525 (S.D.N.Y.1969)); its duty is *at most* to turn over evidence which is *favorable* to the accused. *Cf.* United States v. Eley, 335 F.Supp. 353 (N.D.Ga.1972). *Brady* [3]

---

2. Mr. Schaffer has informed the court that he is not seeking the addresses of the government's witnesses.

3. In Williams v. Dutton, 400 F.2d 797, 800 (5th Cir. 1968), cert. denied, 393 U.S. 1105, 89 S.Ct. 908, 21 L.Ed.2d 799

is, therefore, enough protection for the defendant in this case, at least in light of his general request for "statements" without any showing of materiality.

> 5. "Any paper, record, document, report or other tangible object having bearing on the subject matter of the above indictment which the Government intends to produce at trial."

■ Defendant has not demonstrated any materiality under Rule 16(b) which would justify this court's granting request No. 5.

> The movants seek wholesale discovery of all documents which the government intends to introduce at trial, and all books, papers, documents and tangible objects in the Government's possession. The requisite showing of materiality and reasonableness has not been made. The defendants are merely attempting to discover all of the Government's evidence in advance of trial. Therefore these motions are denied. Rule 16(b) . . . .

United States v. Johnson, 298 F.Supp. 58, 65 (N.D.Ill.1969); United States v. Mahany, 305 F.Supp. 1205, 1209 (N.D.Ill. 1969); United States v. Smith, 209 F. Supp. 907, 913 (E.D.Ill.1962).

Request No. 5 is, therefore, denied.[4]

> 6. Any and all purported admissions or statements made by or secured from defendants which are within the possession, custody or control of the Government, whether recorded stenographically or reduced in any form in writing by the person

taking or overhearing such statements, or recorded by means of any mechanical or electronic surveillance."

■ Request No. 6 is within the ambit of Fed.R.Crim.P. 16(a)(1). Although the record does not indicate that any admissions or statements were made by the defendant, in keeping with the liberal construction generally accorded to Rule 16(a), the court grants this request and directs the government to produce and turn over to the defendant any such admissions or statements if they do exist. United States v. Bryant, 142 U.S.App. D.C. 132, 439 F.2d 642, 649 (1971).

> 7. "Any transcriptions of conversations of defendant or others by means of electronic surveillance of any type."

■ Request No. 7 will be granted as to the defendant's conversations for the same reasons stated in the discussion of request No. 6, *supra*.

■ It should be noted that the defendant has failed to comply with the pretrial discovery procedures set forth in Loc.R.Crim.P. 9 in that the motion does not contain the recitals required under Rule 9(d). The court has in this instance, chosen not to penalize defendant for counsel's failure to comply with a rule mandatory in its terms. Since defendant's memorandum indicates that much of the material sought has been voluntarily granted by the government, compliance with Rule 9(d) would have avoided the court ruling on certain of the points to the advantage of all parties.

---

(1969) (habeas corpus, state prisoner), the court held that "[i]t is now clear that *Brady* imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence." See also United States v. Eley, *supra*, ■

and cases cited therein, 335 F.Supp. at 355.

4. The government has indicated in its reply that it "will provide the Defendant through his counsel with copies of any document that it intends to introduce at trial." Nothing in this decision prevents the government from taking such action.