UNITED STATES of America

v.

N. Dale ANDERSON.

Crim. No. 73–0527–Y.

United States District Court,
D. Maryland.

Nov. 21, 1973.

George Beall, U. S. Atty., Russell T. Baker, Jr., Ronald S. Liebman, Barnet D. Skolnik, Asst. U. S. Attys., Baltimore, Md., for the Government.

Norman P. Ramsey, Baltimore, Md., for Anderson.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Defendant Dale Anderson is charged in a 43-count indictment with various violations of the Travel Act, 18 U.S.C. § 1952, the Hobbs Act, 18 U.S.C. § 1951, and 26 U.S.C. § 7201, Income Tax Evasion. Defendant has made numerous motions, some of which have already been disposed of by oral opinion, and others of which have been held for resolution by written opinion. The Court will now dispose of defendant's remaining motions relating to dismissal of various counts of the indictment, to electronic surveillance, and to production of grand jury minutes. The Court will also rule on the Government's objections to part of this Court's oral ruling on the bill of particulars.

## I. MOTION TO DISMISS

Defendant has moved for the dismissal of substantially all of the indictment on grounds of vagueness, lack of subject matter jurisdiction, duplicity and failure to state elements of the crime. For the following reasons this motion is denied in its entirety.

### 1. *Counts 13 and 15*

The most difficult issue raised by defendant is the sufficiency of the jurisdictional allegations in Counts 13 and 15, both of which charge defendant with violations of the Travel Act. The Travel Act proscribes travel in interstate commerce or use of " * * * any facility *in* interstate * * * commerce, including the mail, with intent to—(3) * * * promote, manage, establish, carry on * * * " certain unlawful activity including bribery and extortion (emphasis added). The defendant claims that the word *in* which ap-

pears in the statute indicates a congressional intent that federal jurisdiction be invoked only where there has been physical travel across state lines or the interstate use of telephone or other wire facilities. Counts 13 and 15 of the indictment allege only that defendant " * * * did cause * * * the use of a facility in interstate commerce, to wit the Baltimore Branch of the Federal Reserve Bank of Richmond." Thus, the indictment apparently alleges the intrastate use of an interstate facility.

The law is unclear on what constitutes sufficient contact with interstate commerce to establish jurisdiction under the Travel Act. United States v. Wechsler, 392 F.2d 344 (4th Cir. 1968), cert. denied, 392 U.S. 932, 88 S.Ct. 2283, 20 L. Ed.2d 1389 (1968), would seem to indicate that intrastate use of an interstate facility would be sufficient. However, the court also noted that the check in question also bore an out-of-state bank endorsement. A contrary view was expressed in United States v. DeSapio, 299 F.Supp. 436 (S.D.N.Y.1969), aff'd, 435 F.2d 272 (2d Cir. 1972), where the court ruled that the Travel Act clearly required a use in interstate commerce and that intrastate phone calls did not establish jurisdiction.

The defendant relies on United States v. Altobella, 442 F.2d 310 (7th Cir. 1971), and Rewis v. United States, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971), which are distinguishable from the instant case. However, both of these cases evidence concern that an overexpansion of Travel Act jurisdiction could usurp state law enforcement responsibilities.

In light of the unsettled nature of the law on this issue, this Court will follow the lead of the Third Circuit in United States v. Cafero, 473 F.2d 489 (3d Cir. 1973), pet. for cert. filed, 42 U.S.L.W. 3006 (U.S. ed. July 10, 1973), which approved a similarly worded indictment. However, as in *Cafero,* the burden will be on the Government to prove sufficient contacts with interstate commerce at trial to sustain this Court's jurisdiction in the event of subsequent challenges by the defendant.

### 2. *Counts 13, 15, 30, 36–39*

■■ In Part 2 of his motion, defendant moves to dismiss Counts 13, 15, 30, 36–39, which all charge defendant with aiding and abetting travel in interstate commerce for the commission of bribery and extortion. The defendant claims that the Government must allege the commission of an act by a principal to sustain an indictment for aiding and abetting.

The defendant relies on two series of cases in support of his contentions. The first series is an old line of cases starting with United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819 (1878), where the Supreme Court invalidated an indictment for failure to name a principal. *See also* Morgan v. United States, 159 F.2d 85 (10th Cir. 1947); Miller v. United States, 136 F. 581 (7th Cir. 1905).

The second line of cases holds that an indictment which tracks the language of the statute is insufficient unless the statute alleges all the elements of the offense. *See* Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Simmons, *supra*; United States v. Murray, 335 F. Supp. 792 (D.C.Minn.1970).

Russell v. United States, *supra,* established the standard for analysis of the validity of an indictment. An indictment must: (1) allege all the elements of the offense; (2) sufficiently apprise the defendant of the charges he will have to meet; and (3) protect him against subsequent prosecution for the same offense. So long as these criteria are met, minor or technical defects in the indictment which do not affect the defendant's rights are to be disregarded.

The recent cases dealing with indictments and/or convictions for aiding and abetting have followed the liberal approach of *Russell* and not the technical approach of *Simmons.* In United States v. Harris, 346 F.2d 182 (4th Cir. 1965),

the court held that an indictment both as principal and as aider and abettor was valid even though there was no mention of a principal. A similar result was reached in Foster v. United States, 339 F.2d 188 (10th Cir. 1964), where the court noted that it made no difference to the defendant's knowledge of the crime alleged or to his ability to avoid subsequent prosecution whether the indictment charged him with being a principal or an aider and abettor although no other principal was named. *See also* Meredith v. United States, 238 F.2d 535 (4th Cir. 1956).

In United States v. Duke, 409 F.2d 669 (4th Cir. 1969), the Fourth Circuit upheld a conviction as aider and abettor although the indictment only named the defendant as a principal. However, the court commented that it would have been better practice for the indictment to have been phrased in the alternative as has been done in the instant case.

### 3. *Counts 30, 36-39*

■ Defendant moves to dismiss Counts 30, 36-39 for failure to state the element of interstate movement necessary to establish a violation of the Travel Act. Count 30 alleges that the defendant caused the travel across state lines of Jerome Wolff. Counts 36-39 state that an employee of Matz, Childs and Associates caused certain documents relating to federal corporate income tax to move in interstate commerce to Walter Kidde and Co., Inc., in New Jersey. The defendant claims, however, that these movements in interstate commerce were performed by victims of the bribery-extortion scheme and thus were not done with the intent to manage or promote an unlawful activity as required by 18 U.S.C. § 1952.

The defendant again relies heavily on Rewis v. United States, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971). In *Rewis,* the convictions of the customers and owners of a gambling establishment for violations of the Travel Act were reversed. Although the customers crossed a state line, the Court felt that they did not travel with the intent to promote or manage the illegal enterprise, but merely to patronize it. The owners themselves neither travelled nor induced the customers to travel with the requisite intent. The Court had no intention of invoking federal jurisdiction to suppress a gambling establishment, essentially a local problem, merely because some of its patrons crossed a near-by border. The critical factor seems to have been a desire to avoid altering federal-state responsibilities. The defendant's position is that the victims in the instant case had no more intent to promote or manage the alleged extortion-bribery scheme than did the customers in *Rewis.*

The difficulty with defendant's argument is that there is no allegation that Wolff or the Matz, Childs employee(s) were the victims of the conspiracy, but only that their travel or use of the mails facilitated the conduct of the conspiracy. These parties may have been acting as co-conspirators or agents of the conspiracy. Furthermore, these Counts allege that the travel was undertaken to facilitate bribery as well as extortion, and the payor of a bribe could not be characterized as a victim.

Much of the detail relating to this interstate travel will be provided in the form of particulars and discovery. These Counts are sufficient in themselves to withstand this motion to dismiss.

### 4. *Counts 13, 14, 15, 36-39*

■ The defendant's motion to dismiss Counts 13, 14, 15, 36-39 are without merit. The motion raises the objection that not enough detail was alleged in the indictment to identify the checks in Counts 36-39 and the unnamed public official mentioned in Count 14. The inadequate identification of this person and these items will, it is claimed, permit the Government to "roam at large," *i. e.,* to find any check or public official which meet the grand jury's description.

The Government correctly points out that the indictment need only identify

the transaction sufficiently to permit preparation of a defense and protect against double jeopardy. *See Russell v. United States, supra.* The indictment need not allege factual detail beyond that which is necessary for those purposes. All of the information relevant to the identification of these items has been granted to the defendant in the form of particulars or discovery. With one exception, the dates of the documents and brief descriptions including check numbers and sums are stated in the indictment. Although one of the documents is undated, it is described and the transaction is adequately identified. There is no danger of the Government roaming at will.

### 5. Counts 1, 14, 16–26

■ Part 5 of defendant's motion is similarly without merit. It is *not* hornbook law as defendant contends that "a principal cannot commit the crime of conspiracy with his agent alone since the agent is but the alter ego of the principal. Tobman v. Cottage Woodcraft Shop, 194 F.Supp. 83 (S.D.Cal.1961); cases cited in 9 Mod.Fed.Prac. Digest (Cum.Sup.) Conspiracy § 2)." It is hornbook law perhaps that a *corporation* cannot conspire with its employees and officers since a corporation can only act through its agents. Since a natural person is responsible for the actions of a co-conspirator committed in furtherance of the conspiracy, co-conspirators are agents of each other. *See* Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949). Thus, Fornoff, defendant's alleged co-conspirator, could have acted as agent for defendant and have been his co-conspirator at the same time. The indictment does allege a conspiracy in violation of the Hobbs Act, 18 U.S.C. § 1951.

### 6. Counts 14, 36–39

■ Defendant moves to dismiss Counts 14, 36–39 on the grounds of duplicity. Count 14 is allegedly duplicitous because it accuses defendant of extortion of two different companies. Counts 36–39 are duplicitous because they allege that the defendant was responsible for both interstate movement and the use of a facility in interstate commerce to transport the documents.

The Government claims that the two companies involved in Count 14—John B. Funk Associates, Inc., and General Engineering Consultants, Inc.—were engaged in a joint venture and extorted as a joint venture in the process of working on a county project. The extortion scheme involved one transaction and only one check for $1500.

Although two separate corporations were named as victims of the extortion conspiracy, there was only one transaction. If the grand jury had dealt with this violation by alleging in two counts the extortion of the joint venture, the indictment would certainly have been improper for multiplicity. *See* Wright, 1 Federal Practice and Procedure § 142. The defendant would thereby have been exposed to two penalties arising out of one violation of the Travel Act. The correct manner of disposing of this question was to do as the grand jury in fact did and charge defendant in one count for one crime.

■ The attack on Counts 36–39 is based on the use of the disjunctive *or* which appears in 18 U.S.C. § 1952. The question is whether that statute created two offenses, (1) movement in interstate commerce or (2) use of a facility in interstate commerce. If two crimes are committed, then Counts 36–39 are duplicitous for stating that defendant caused both to occur. The alternative interpretation is that the statute creates one crime with alternative methods of commission. Generally, where an ambiguity exists as to whether a statute creates separate offenses, the ambiguity is to be resolved against multiple offenses. *See* Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).

■ The Sixth Circuit discerned three elements to the offense described in 18 U.S.C. § 1952: (1) that the accused

voluntarily travelled or caused to travel in interstate commerce or used a facility in interstate commerce, (2) that he attempted to promote, manage, or establish any one of the statutorily defined activities, and (3) that the accused had the specific intent to promote a prohibited activity. *See* United States v. Gebhart, 441 F.2d 1261 (6th Cir. 1971). This exposition of the elements of the crime would indicate that the *or* in the statute merely indicates alternative means for the commission of the crime.

There is ample authority for the propriety of an indictment phrased with the conjunctive *and* where the relevant statute uses the disjunctive *or*. *See generally* cases cited in Wright, *supra* at § 125 n. 13.

### 7. *Counts 1, 2–12, 14, 16–29*

■ The defendant's motion to dismiss these counts for vagueness rests exclusively on United States v. Callanan, 113 F.Supp. 766 (E.D.Mo.1953), where an indictment under the Hobbs Act which followed the statute was held insufficient to state an offense. *Callanan* focused on two specific defects. The first is that the crime of extortion as defined in the statute failed to include the essential element that the extortion affected interstate commerce. An indictment following the statute would therefore fail to state an essential element of the offense. The second defect in *Callanan* is that the word *wrongful* which appeared both in the statute and in the indictment modifying "use of fear of force" was a conclusory statement, insufficient in itself to state an offense. A statement of the facts of defendant's conduct was necessary to establish the offense.

As the various counts all allege that the extortion affected interstate commerce, the first objection of *Callanan* is met. Although the indictment uses *wrongful* in a manner similar to that found defective in *Callanan,* this allegation has been held sufficient in subsequent cases. *See* United States v. Ad-donizio, 451 F.2d 49 (3d Cir. 1971), cert. denied, 405 U.S. 936, 92 S.Ct. 949, 30 L. Ed.2d 812 (1972); United States v. Kenny, 462 F.2d 1205 (3d Cir.), cert. denied sub nom., Kropke v. United States, 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176 (1972) (the indictments in *Addonizio* and *Kenny* are similar to the indictments in the instant case); Esperti v. United States, 406 F.2d 148 (5th Cir.), cert. denied, Farinella v. United States, 395 U.S. 938, 89 S.Ct. 2005, 23 L.Ed.2d 454 (1969); United States v. Palmiotti, 254 F.2d 491 (2d Cir. 1958). Defendant's motion is overruled as to these counts.

### 8. *Counts 14, 16–22, 23–26*

■ Defendant challenges Counts 14, 16–22, 23–26 as insufficient to support federal jurisdiction. The defendant claims that there is no allegation (1) that the firms are actually involved in interstate commerce, (2) that they are dependent for supplies on interstate commerce, or (3) that they are directly involved in constructing facilities in interstate commerce.

As to the first objection, each of the counts except for 23–26 allege that the corporations were organized for the purpose of supplying services for projects "in the various states of the United States." As to Counts 14, 16–22, therefore, the corporations were engaged in interstate commerce and federal jurisdiction can be invoked. *See* United States v. Provenzano, 334 F.2d 678 (3d Cir. 1964), cert. denied, 379 U.S. 947, 85 S.Ct. 440, 13 L.Ed.2d 544 (1964); Esperti v. United States, 406 F.2d 148 (5th Cir. 1969), cert. denied, Farinella v. United States, 395 U.S. 938, 89 S.Ct. 2005, 23 L.Ed.2d 454.

■ The second contention is that there is no allegation that supplies in interstate commerce are necessary for the planning function performed by these companies. The indictment does allege, however, that these planning and consulting firms depended upon interstate commerce "for material, equipment, sup-

plies, labor, and surveying, engineering and consultant services." Conceptually there is little difference between a consultant firm purchasing instruments or securing services from out-of-state firms and, for example, a company importing sand for the manufacture of cement. *See* Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). For the purposes of jurisdiction it need only be shown that goods or services in interstate commerce were necessary.

It is unnecessary to reach defendant's third contention as jurisdiction is clearly established as to all of these Counts.

## II. MOTION FOR DISCOVERY OF ELECTRONIC SURVEIL-LANCE

The Court has conducted an *in camera* examination of the material within the Government's possession which falls under this motion. As a result of that examination, the Government has been ordered to deliver to the defendant a transcript of a recorded conversation determined to be subject to the motion.

## III. MOTIONS FOR DISCOVERY OF GRAND JURY MINUTES

Defendant has submitted two separate motions seeking grand jury minutes. One is restricted to the testimony of William E. Fornoff, the other seeks the identity and testimony of other grand jury witnesses. Both of these motions are brought under Rule 6(e), Federal Rules of Criminal Procedure. Before dealing with these motions on their merits, it is necessary to decide upon the proper interpretation to be given to Rule 6(e) in light of the Jencks Act. 18 U. S.C. § 3500.

Rule 6(e) provides, in pertinent part, that matters occurring before the grand jury may be disclosed "* * * when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment be-cause of matters occurring before the grand jury." It has generally been the practice in federal courts to order disclosure of grand jury minutes only when the defendant has been able to demonstrate a "particularized need." Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Proctor & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); United States v. McGowan, 423 F.2d 413 (4th Cir. 1970). However, in recent years several circuits departed from this rule by requiring disclosure, upon completion of direct examination of each government witness, of that witness' grand jury testimony without any showing of need by the defendant. Harris v. United States, 140 U.S.App.D.C. 21, 433. F.2d 1127 (1970); United States v. Amabile, 395 F.2d 47 (7th Cir. 1968); United States v. Youngblood, 379 F.2d 365 (2d Cir. 1967). Then, in 1970, the Jencks Act, 18 U.S.C. § 3500, was amended to extend, at least in some respects, to grand jury testimony.

The Government here asserts that since grand jury testimony is now within the ambit of the Jencks Act, pre-trial discovery of the minutes of such testimony is precluded by section (a) of that Act. 18 U.S.C. § 3500(a). Although several courts have arguably viewed the 1970 amendment in this light, *see* United States v. Quintana, 457 F.2d 874 (10th Cir. 1972); United States v. Doe, 455 F.2d 1270 (1st Cir. 1972); United States v. Sink, 56 F.R.D. 365 (E.D.Pa.1972); *cf.* United States v. Bally Manufacturing Corporation, 345 F.Supp. 410, 432 (E.D.La.1972), this Court is convinced that United States v. Budzanoski, 462 F.2d 443 (3rd Cir. 1972), and United States v. Duffy, 54 F.R.D. 549 (N.D.Ill.1972), which dealt specifically with this question, arrived at the proper analysis. Very simply, the 1970 amendment to the Jencks Act which added subsection (e)(3) to 18 U.

S.C. § 3500 provides that the term "statement" *as used in subsections (b), (c) and (d)* of section 3500 shall include grand jury testimony. The meaning of the term "statement" in subsection (a) of section 3500 was not affected by this amendment and therefore does not include grand jury testimony. Thus, pre-trial discovery of grand jury testimony was not affected by the 1970 amendment to the Jencks Act and is still governed by Rule 6(e), Federal Rules of Criminal Procedure. United States v. Budzanoski, *supra*; United States v. Duffy, *supra*.

We turn then to the question of whether defendant can demonstrate the requisite "particularized need" under either or both of his motions. Defendant places great reliance in his memorandum in support of these motions upon four cases; three from the District of Columbia Circuit, Allen v. United States, 129 U.S.App.D.C. 61, 390 F.2d 476 (1968); Gibson v. United States, 131 U.S.App.D.C. 143, 403 F.2d 166 (1968); and Harris v. United States, 140 U.S. App.D.C. 21, 433 F.2d 1127 (1970); and one from the Fifth Circuit, United States v. Hughes, 413 F.2d 1244 (5th Cir. 1969). Although these cases do take a liberal view towards disclosure of grand jury minutes and two of the cases indicate that pre-trial disclosure of grand jury minutes may be warranted in certain very specific situations, they do not support the defendant's requests herein. In the first place, none of these cases held that pre-trial disclosure of grand jury minutes was justified or required. The references to pre-trial disclosure were merely dicta, and, it is suggested, extremely limited dicta. *See*, Allen v. United States, *supra*, 390 F.2d at 482 n. 16; Gibson v. United States, *supra*, 403 F.2d at 169. More important, however, the most recent Fourth Circuit cases which deal with this question make it clear that this Court should apply the traditional test of "particularized need" to the motions here in question. United States v. Johnson, 419 F.

2d 56 (4th Cir. 1969); United States v. McGowan, 423 F.2d 413 (4th Cir. 1970). In *McGowan, supra*, the Fourth Circuit specifically declined to comment upon " * * * the production grace hinted at in *Dennis*, 384 U.S. at 870, 86 S.Ct. 1840, [16 L.Ed.2d 973,] or the leniency of exploration encouraged in United States v. Hughes, 413 F.2d 1244, 1249–1250 (5th Cir. 1969). *Cf*. White v. United States, 415 F.2d 292 (5 Cir. 1969)." 423 F.2d at 418.

This Court is satisfied that the pre-trial discovery afforded the defendant under his various other discovery motions will enable him to prepare adequately for trial. This is the only reason for which defendant seeks these minutes. It is clear that he does not assert a need for the grand jury minutes for purposes of attacking the regularity of the grand jury proceedings or the resulting indictment.

■ The Court finds that defendant has failed to demonstrate a particularized need for discovery of the testimony of William E. Fornoff or any other witness before the grand jury. Defendant will receive at the appropriate time the grand jury testimony of the Government's trial witnesses. 18 U.S.C. § 3500. In the absence of a showing of particularized need, he is entitled to no more. Dennis v. United States, *supra*; United States v. Hamilton, 452 F.2d 472 (8th Cir. 1972); Pollard v. United States, 441 F.2d 566 (7th Cir. 1971).

■ Defendant also seeks the identities of those persons who testified before the grand jury. It is clear that the Government is not required to supply a pre-trial list of government trial witnesses. United States v. Chase, 372 F. 2d 453 (4th Cir. 1967); United States v. Burgio, 279 F.Supp. 843 (S.D.N.Y. 1968). Nor does the Court think the Government should be compelled to supply a list of grand jury witnesses under the circumstances of this motion. However, to the extent that defendant's motions relate to the grand jury testimony

of individuals who are not called by the Government as witnesses at trial he is entitled under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to receive any testimony of an exculpatory nature which is material either to guilt or punishment. *Cf.* United States v. Sink, 56 F.R.D. 365 (E.D.Pa. 1972).

## IV. BILL OF PARTICULARS

The Government has filed an objection to certain parts of this Court's prior ruling on particulars. The Government's objections may be divided into three categories.

▬ The Government first objects to providing detailed information regarding the jurisdictional elements of the indictment on the grounds that such information would expose the Government's case and would unnecessarily confine its proof at trial. Premature exposure and unnecessary confinement of the Government's case are certainly significant factors in a court's consideration of particulars. *See* United States v. Anderson, 481 F.2d 685 (4th Cir. 1973); United States v. Crisona, 271 F.Supp. 150 (S.D.N.Y.1967), aff'd, 416 F.2d 107 (2d Cir. 1969); United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y.1962), aff'd, 317 F.2d 459 (2d Cir.), cert. denied sub nom., Keogh v. United States, 375 U.S. 836, 84 S.Ct. 73, 11 L.Ed.2d 65 (1963).

The Government's second objection is directed at this Court's order to provide the time and places of the overt acts which the Government intends to prove at trial. The thrust of the Government's argument is that in a prosecution for conspiracy to obstruct commerce by extortion arising under the Hobbs Act, the Government need not allege or prove any overt act at all. *See* Wilkins v. United States, 376 F.2d 552 (5th Cir.), cert. denied, 389 U.S. 964, 88 S.Ct. 342, 19 L.Ed.2d 379 (1964); United States v. Iannelli, 53 F.R.D. 482 (S.D.N.Y.1971); United States v. De Lutro, 309 F.Supp.

462 (S.D.N.Y.1970); United States v. Tolub, 187 F.Supp. 705 (S.D.N.Y.1960); United States v. Callanan, 173 F.Supp. 98 (D.Mo.1959), aff'd, 274 F.2d 601 (8th Cir.), aff'd, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1960). Since overt acts do not constitute ultimate facts to be proven at trial, the Government contends that the order to provide particulars would unnecessarily expose and confine its case and should therefore be denied. *See* Wilkins v. United States, *supra*; United States v. Iannelli, *supra*; United States v. De Lutro, *supra*.

▬ The test for the granting of a bill of particulars is not whether or not the bill provides evidentiary details or whether overt acts are a necessary element of Hobbs Act prosecutions. Bills of particulars are appropriate when they are necessary to permit the defendant to prepare his defense and to avoid prejudicial surprise at trial. *See* Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1962); United States v. Addonizio, 451 F.2d 49 (3d Cir. 1971), cert. denied, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812; United States v. Ahmad, 53 F.R.D. 194 (D.C.Pa.1971). Motions for particulars are directed to the sound discretion of the court. *See* United States v. Smallwood, 443 F.2d 535 (8th Cir. 1971), cert. denied, 404 U.S. 853, 92 S.Ct. 95, 30 L.Ed.2d 93.

Courts in the past have provided particulars where necessary to permit defendant to prepare a defense and avoid prejudicial surprise even though evidentiary detail was disclosed. *See* United States v. Tanner, 279 F.Supp. 457 (N.D.Ill.1967); United States v. Bentvena, 193 F.Supp. 485 (D.C.N.Y.1960). Particulars have also been granted as to overt acts which the Government intends to prove at trial, but which it has not alleged in the indictment. *See* United States v. Politi, 334 F.Supp. 1318 (S.D.N.Y.1971); United States v. Davis, 330 F.Supp. 899 (N.D.Ga.1971); United States v. Ahmad, 53 F.R.D. 194 (M.D.Pa.1971); United States v. Cullen, 305

F.Supp. 695 (E.D.Wis.1969); United States v. Crisona, 271 F.Supp. 150 (S. D.N.Y.1967), aff'd, 416 F.2d 107 (2d Cir. 1969); United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y.1962), aff'd, 317 F.2d 459 (2d Cir.), cert. denied sub nom., Keogh v. United States, 375 U.S. 836, 84 S.Ct. 73, 11 L.Ed.2d 65 (1963).

■ The particulars previously ordered are well within the proper limits of particulars and are necessary to the proper preparation of defendant's case. The Court, therefore, sees no reason to disturb its prior ruling on these items.

■ The Government's remaining objection is to the redundancy of effort which will result if it supplies information concerning certain documents as particulars when it intends to provide the defendant with the documents themselves as part of discovery. Such duplication is unnecessary and the Government may fulfill its obligations by providing the documents themselves. To protect the defendant's position, however, the Government must specify which documents are to serve as answers to particulars. Only that information in such documents which falls within one of this Court's rulings on particulars will be considered particulars, and all other information on such documents shall be treated as discovery.

Accordingly, it is this 21st day of November, 1973, by the United States District Court for the District of Maryland, ordered:

1. That the defendant's motion to dismiss certain counts of the indictment and to strike surplusage be denied in its entirety.

2. That the motion of defendant for discovery of electronic surveillance is granted as previously set forth in this opinion.

3. That defendant's motions for discovery of grand jury minutes are hereby denied.

4. That the Government's supplemental answer to defendant's motion for particulars be denied except as noted previously in this opinion.