**U. S.**

**v.**

**Dominique ORSINI, Defendant.**

**No. 74 CR 492.**

United States District Court,
E. D. New York.

Jan. 30, 1976.

---

David G. Trager, U. S. Atty., E. D. N. Y., for the United States; by David A. DePetris, Asst. U. S. Atty.

Lenefsky, Gallina, Mass & Hoffman, by Gino Gallina, New York City, and Murray Cutler, Brooklyn, N. Y., for defendant.

## MEMORANDUM AND ORDER

BRAMWELL, District Judge.

The defendants in this case are charged with conspiracy to violate the narcotics laws of the United States, 21 United States Code, Sections 173 and 174.

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, defendant Dominique Orsini has moved for a bill of particulars asking that the government be ordered to set forth "the specific dates, locations, and names and addresses of participants of all acts in which the defendant is alleged to have participated in furtherance of the conspiracy, including if known the exact date, time and address of all such acts including Overt Act 10 (F.R.Cr.Proc. 12.1(b))." In the alternative, the defendant requests "an order excluding testimony of any such act as to which this information is not given (F.R.Cr.Proc. 12.1(d)]."

At time of the argument of the instant motion, Counsel for the defendant indicated that the information requested was necessary to enable the defendant to prepare an alibi defense.

The defendant's motion, in effect, directs itself to three separate requests:

First, the defendant seeks an enhanced degree of specificity as regards Overt Act 10 set forth in the Indictment;

Second, the defendant seeks a detailed description of any and all overt acts not enumerated in the Indictment concerning which acts the government intends

to offer evidence on trial, or which the defendant committed during the course and in furtherance of the conspiracy;

Third, if the second request is not granted, the defendant seeks, in the alternative, an order excluding testimony relating to any such overt act as to which the information sought is not given.

■ It is well recognized that the function of a bill of particulars is not to obtain a disclosure of the evidence or witnesses to be offered by the government at trial, but to minimize surprise, enable the movant to obtain such ultimate facts as are needed to prepare his defense, and permit the movant successfully to plead double jeopardy if he should be prosecuted later for the same offense. *United States v. Lebron*, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); *United States v. Crisona*, 271 F.Supp. 150 (S.D.N.Y.1967), aff'd, 416 F.2d 107 (2d Cir. 1969), cert. denied, 397 U.S. 961, 90 S.Ct. 991, 993, 25 L.Ed.2d 253 (1970); *United States v. Mavrogiorgis*, 49 F.R.D. 214 (S.D.N.Y.1969).

■ With respect to the defendant's first request, this Court believes that consistent with the underlying purposes of a bill of particulars, as stated above, that the defendant's request for an enhanced degree of specificity is proper as to Overt Act 10 alleged in the Indictment. Therefore, the Government is directed to set forth the specific dates, locations, and names and addresses of all participants with reference to Overt Act 10, including, if known, the exact date, time, and location of Overt Act 10.

With respect to the defendant's second request, that the Government disclose with specificity all the overt acts which the Government intends to prove at the trial or which the defendant allegedly committed during the course and in furtherance of the conspiracy, we find such request without merit.

In *United States v. Calegro De Lutro*, 309 F.Supp. 462 (S.D.N.Y.1970), the court was confronted with a similar motion. Such motion was denied by Judge Mansfield who stated that the Government would not be required to prove any overt acts not set forth in the Indictment; therefore that such acts do not constitute ultimate facts necessary to prepare for trial, to avoid unfair surprise, or to plead double jeopardy as a bar to further prosecution for the same offense.

More recently, in *United States v. Carroll*, 510 F.2d 507, 509 (2d Cir. 1975), the Court of Appeals in addressing itself to the appellants' contention that the trial erred in denying a request for a bill of particulars detailing all overt acts in furtherance of the conspiracy, stated:

> There is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge, *United States v. Iannelli*, 53 F.R.D. 482 (S.D.N.Y.1971). See *United States v. Anderson*, 368 F.Supp. 1253, 1263 (S.D.Md.1973). Hence the broad request made by appellants was properly denied.

■ We find the reasoning of Judge Mansfield in *De Lutro, supra,* and of the Court of Appeals in *Carroll, supra,* persuasive. Accordingly, the defendant's second request as to *all* overt acts is denied.

With respect to the defendant's third request that the Court exclude testimony relating to any overt act as to which the Government does not provide the requested information, it naturally follows from what has previously been said that this Court finds that request without merit. Accordingly, the defendant's third request is also denied.

It is so ordered.