**No. 27336**

**The People of the State of Colorado v. District Court in and for the Second Judicial District, State of Colorado and the Honorable George M. McNamara, Judge thereof**

(559 P.2d 1106)

Decided January 24, 1977.

Dale Tooley, District Attorney, Thomas P. Casey, Chief Appellate Deputy, Lucy Marsh Yee, Deputy, for petitioner.

Spurgeon, Haney and Howbert, W. Allen Spurgeon; Holm, Willis and Dill, P.C., Jon L. Holm, for respondents.

Fogel, Keating and Wagner, William L. Keating, amicus curiae.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an original proceeding pursuant to *Colo. Const.* Art. VI, Sec. 3 and C.A.R. 21, in which we issued a rule to show cause why certain counts dismissed by the respondent court should not be reinstated. We now make the rule absolute.

During the period from November, 1975, to July, 1976, the Denver County Grand Jury returned a series of indictments. Each of the indictments arose out of the operation of Factual Services, Inc., a private detective agency, and involves as defendants its agents as well as insurance company representatives who utilized its investigations. Each of the indictments alleges unlawful procurement of medical records and information.[1] The respondent court and the attorneys for all of the defendants have agreed that this court's ruling on the validity of the challenged counts in the present case will apply to corresponding counts in the companion cases.[2]

In the instant case, the respondent court granted the defendant's motion to quash counts three and five of the indictment "on the grounds that said counts are duplicitous on their face." By agreement of counsel, this ruling was later extended by the court to counts four and six of the indictment.

In quashing the counts in question, the respondent judge ruled that each of the counts charged two distinct offenses. As to count three,[3] for example, the judge stated that the two offenses were "theft from General Rose Memorial Hospital . . . and theft from Zoralee Steinberg . . . ." Consequently, the court contends that the counts were duplicitous.

We disagree with the respondents' contention. The respondent judge was correct in finding multiple ownership and property interests in the subject records. We have long held, however, that mere multiplicity of ownership and possessory interests does not cause a charge to be duplicitous. Rather, this court, as well as respected authority in other

---

[1] Section 18-4-401, C.R.S. 1973, and section 18-4-410, C.R.S. 1973 (1976 Supp.).

[2] Those cases which are affected by our present ruling are Denver District Court numbers CR5509, CR5510, and CR5731.

[3] Count three, the form of which is substantially similar to the form of the other counts in question, is presented in its entirety below.

"At the City and County of Denver, State of Colorado, between the dates of October 23, 1975, and November 3, 1975, inclusive, ROBERT T. KIRST, CHARLES JONATHAN FREEMAN, ALMA F. BENNETT and NANCY DRAGOO did each unlawfully, feloniously and knowingly commit the crime of theft by unlawfully taking a thing of value, to-wit: information and records of Zoralee Steinberg and the rights of private use and enjoyment connected therewith, value Two Hundred Dollars ($200.00) or more, from General Rose Hospital and Zoralee Steinberg, in violation of Section 18-4-401, C.R.S. 1973, and against the peace and dignity of the People of the State of Colorado."

jurisdictions, has emphasized the continuity of the act or transaction:
"No more than one offense should be charged in one count; but, by the great weight of authority, the stealing of several articles of property at the same time and place, as one continuous act or transaction, may be prosecuted as a single offense, *although the several articles belong to several different owners.*"
*Sweek v. People*, 85 Colo. 479, 483-84, 277 P.1, 3 (1929) (emphasis added). *See People v. Bauer*, 1 Cal. 3d 368, 461 P.2d 637, 82 Cal. Rptr. 357 (1969); *People v. Barrett*, 405 Ill. 188, 90 N.E.2d 94 (1950). *See also United States v. Anderson*, 368 F. Supp. 1253 (D. Md. 1973). *Cf. United States v. Bolden*, 514 F.2d 1301, (D.C. Cir. 1975).

The counts reviewed here come within the purview of the language in *Sweek, supra.* Accordingly, the respondent court is directed to reinstate the counts which it previously dismissed.

The rule is made absolute.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE CARRIGAN do not participate.