**UNITED STATES of America**
**v.**
**Vincent LETA and Edward Jenkins.**
**Crim. No. 031673–51.**

United States District Court,
M. D. Pennsylvania.
July 3, 1973.

Raymond E. Makowski, Philadelphia, Pa., for plaintiff.

John P. Campana, John R. Bonner, Williamsport, Pa., for defendants.

## OPINION

MUIR, District Judge.

The Defendants have filed a "Motion to Compel Disclosure of All Exculpatory Material and Information" in which they request discovery of

" . . . all evidence in the possession and control of the United States, or others, when the evidence may be favorable to Defendants and material to the issue of guilt or punishment, or could reasonably weaken or affect any evidence proposed to be introduced against Defendants, or is relevant to the subject matter of the information, or in any manner may aid Defendants in the ascertainment of the truth . . . ."

In addition to the general request for disclosure of all exculpatory material, Defendants specifically request 10 categories of material which will be discussed below. Defendants base the motion on the holding in Brady v. State of Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963) that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

In my view, Defendants' motion goes beyond the scope of the *Brady* doctrine. They not only request disclosure of material favorable to them on the question of guilt, but in effect they request disclosure of all information relevant to the case. Such wholesale disclosure of the prosecution's case is not required by the Constitution or statutes of the United States.

In regards to Defendants' more limited request for unspecified favorable material, the law is uncertain as to the propriety of a motion to compel such disclosure. In its brief in opposition to Defendants' motion, the Government recognizes its duty to disclose exculpatory material under the *Brady* doctrine, but states that it does not possess, nor is it aware, of any such material. Under similar circumstances, courts have generally denied motions to compel disclosure of exculpatory material. See Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968); United States v. Ahmad, 53 F.R.D. 186 (M.D.Pa.1971); United States v. Cobb, 271 F.Supp. 159 (S.D.N.Y.1967); United States v. Westmoreland, 41 F.R.D. 419 (S.D.Ind.1967). Relying upon this line of authority, the Court will deny Defendants' motion for disclosure of all exculpatory material. I feel obligated, however, to advise all parties of my view of the prosecution's duties under the *Brady* doctrine.

■ The prosecution must disclose to the defendant information favorable to him on the question of guilt sufficiently in advance of trial to allow the defendant to use fully the information. Such disclosure must be made even in the absence of a request by the defendant. United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2d Cir. 1964). A problem arises in fashioning a procedure to insure that this duty is carried out. In a situation such as the one at bar where the defendant has requested the disclosure of exculpatory material and the Government has denied that it possesses any, there are three possibilities: (1) permit defendant to examine the Government case file for exculpatory material; (2) order production of the Government's file for an in camera inspection by the Court to ascertain whether any of the material is favorable to the defendant; (3) rely upon the good faith of the prosecution in its representation that it possesses no exculpatory material. The first possibility would effectively open the Government's file to defendants in every criminal case. Whatever might be the merits of such a

contingency, it is clearly beyond the scope of discovery as now provided in F.R.Crim.P. 16. The second possibility would place an unmanageable burden upon the Court. In my view, therefore, the Court, when considering a motion for pre-trial disclosure of exculpatory material, must rely upon the Government's assertions that it possesses no such material. However, if during trial evidence is introduced which indicates that the prosecution may possess or be aware of evidence favorable to the defendant, the Court, upon motion by the defendant, will make an in camera inspection of the Government's file or take whatever action is necessary under the circumstances. If it is determined that the Government has failed to disclose obviously exculpatory material, the Court may impose whatever sanctions are appropriate, including dismissal of the charges or a declaration of mistrial. If it is determined that the prosecution possesses or is aware of evidence arguably exculpatory in nature, the Court will make an independent determination as to whether in fact the material is favorable to defendant, and if it is, will order that it be disclosed to defendant at that time. Any doubt as to the exculpatory nature of the material will be resolved in favor of disclosure. For a discussion of similar procedures utilized by other courts faced with this problem, see United States v. Cobb, 271 F.Supp. 159 (S. D.N.Y.1967), and United States v. Westmoreland, 41 F.R.D. 419 (S.D.Ind.1967).

■ I turn now to the material which Defendants specifically request be disclosed by the Government. Paragraphs 1, 2 and 3 request all statements, memoranda and summaries of statements, recordings and transcriptions of statements, made by any person to an agent of the United States or the State of Pennsylvania in connection with the subject matter of the case. To the extent that these requests are for statements of Government witnesses, or prospective witnesses, F.R.Crim.P. 16(b) prohibits the disclosure except as provided by the Jencks Act, 18 U.S.C. § 3500. Under the Jencks Act, the statement of a Government witness may be obtained by the defendant only after the witness has testified on direct examination at trial. As to Defendants' request that the Government disclose statements of persons who are not prospective witnesses, disclosure is precluded either by the "criminal work product rule" of F.R.Crim.P. 16(b),[1] or is contingent upon a "showing of materiality to the preparation of [their] defense and that the request is reasonable." F.R.Crim.P. 16(b). The Defendants have made no assertion of materiality other than the general contention that the statements may be favorable to their defense. If the statements are exculpatory in nature, the Defendants are protected by the Brady doctrine and the procedures outlined above. The discovery requested in Paragraphs 1, 2 and 3 of the motion is denied. See United States v. Jordan, 399 F.2d 610, 615 (2d Cir.), cert. denied, 393 U.S. 1005, 89 S.Ct. 496, 21 L.Ed.2d 469 (1968).

■ Similarly, the Court will deny Defendants' request in ¶ 6 that the Government disclose the names and addresses of all persons who have some knowledge of the facts of the case. No showing of materiality or reasonableness has been attempted. The Brady doctrine "does not require the government to disclose the myriad immaterial statements and names and addresses which any extended investigation is bound to produce." United States v. Jordan, supra, 399 F.2d at p. 615. Furthermore, the Government has stated that upon request it will provide Defendants with

1. F.R.Crim.P. 16(b) provides in part:
  "Except as provided in subdivision (a) (2), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case . . . ."

the names and addresses of Government witnesses, an act which the Government is not obligated to perform. See, e.g., United States v. Persico, 425 F.2d 1375 (2d Cir.), cert. denied 400 U.S. 869, 91 S.Ct. 102, 27 L.Ed.2d 108 (1970).

In ¶ 4 of the motion, Defendants request disclosure of the grand jury minutes. The grand jury testimony of Government trial witnesses is now discoverable only pursuant to the Jencks Act, 18 U.S.C. § 3500(e)(3). United States v. Sink, 56 F.R.D. 365 (E.D.Pa. 1972). Grand jury testimony of persons not called as witnesses at trial is generally non-discoverable. See Young v. United States, 132 U.S.App.D.C. 142, 406 F.2d 960 (1968). Favorable testimony before the grand jury is subject to the *Brady* doctrine. United States v. Sink, *supra*. In its brief, the Government has stated that there was no exculpatory grand jury testimony. If at trial Defendants can produce evidence which indicates otherwise, the Court will follow the procedures outlined above regarding the determination of the nature of the testimony.

Paragraph 5 of Defendants' motion requests disclosure of memoranda and documents used by the Government during the investigation of the case, and ¶ 8 requests reports, including F.B.I., reports or findings prepared in connection with the investigation. In my view, the requested items are internal government documents the discovery of which is precluded by F.R.Crim.P. 16(b). See footnote 1, *supra*. See also United States v. Elife, 43 F.R.D. 23 (S.D.N.Y. 1967).

In ¶ 10, Defendants request all information which was in the Government's possession in late 1972 and early 1973 which supported the Government's case against Defendants, and if no such information was available, Defendants ask that this fact be admitted. This part of Defendants' motion is denied because they have shown neither the materiality nor the reasonableness of the request. F.R.Crim.P. 16(b).

Defendants' request in ¶ 7 that the Government disclose the criminal records of all persons it intends to call at trial will be granted. While I realize that the weight of authority holds to the contrary,[2] I find more persuasive the emerging view that disclosure of a Government witness' criminal record is proper. See Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to Rules of Criminal Procedure for the United States District Courts, 48 F.R.D. 547, 589–590, 603–605. See also United States v. Houston, 339 F.Supp. 762 (N. D.Ga.1972); United States v. Jepson, 53 F.R.D. 289 (E.D.Wis.1971). The prosecution normally has access to the criminal record of witnesses while the defendant often lacks means of procuring this information on his own. Furthermore, since the *Brady* doctrine requires the Government to disclose all evidence favorable to defendant, including impeachment evidence,[3] disclosure of the criminal records may be constitutionally required. However, because of the limited purpose for which this information can be used by Defendants, the Government will not be required to produce the records prior to trial. The Court will order the Government to disclose the record of any felony conviction of each prosecution witness, insofar as the Government possesses or has access to such information, upon the conclusion of the direct examination of the witness.

2. See e. g. United States v. Conder, 423 F.2d 904 (6th Cir.), cert. denied 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970); Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968); United States v. Westmoreland, 41 F.R.D. 419 (S.D.N.Y.1967).

3. Williams v. Dutton, 400 F.2d 797, 800 (5th Cir. 1968).

The Court will also grant Defendants' request in ¶ 9 for pre-trial disclosure of written or recorded statements made by Defendants, or copies or summaries thereof. F.R.Crim.P. 16(a).

An appropriate Order will be entered.