**UNITED STATES of America**

v.

**Charles F. G. SMITH et al.,**

**Charles F. G. Smith, Movant.**

**Crim. No. 75-372.**

United States District Court,
E. D. Pennsylvania.

Oct. 6, 1975.

------◆------

Robert E. J. Curran, U. S. Atty., Jeffrey M. Miller, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert F. Simone, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Defendant Charles F. G. Smith is charged in a two-count indictment with conspiracy to smuggle Mexican gold coins into the United States, and conspiracy to traffic in counterfeit obligations of the United States, both in violation of 18 U.S.C. § 371. Presently before the Court are Smith's pretrial motions for: (1) discovery pursuant to Fed.R.Crim.P. 16; (2) a bill of particulars; (3) severance and separate trial; and, (4) suppression of recorded telephone conversations. We will address the motions *seriatim.*

### *Motion for Discovery*

Smith is seeking discovery pertaining to five different categories of information. The first is discovery of all documents, photographs, papers, tangible objects or other demonstrative evidence which is presently in the possession of the Government and which is intended for use at trial. The Government has responded that it is in possession of telephone toll records, plane tickets and other relevant papers and has advised defense counsel that they are available for review. Smith is also seeking any material exculpatory evidence known to the Government. The Government has stated that it has no knowledge of any such material. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Thirdly, he seeks those portions of any written reports prepared by Government agents containing statements made by defendant Smith. The Government has satisfied this request by making available to defense counsel all tapes and transcripts. Therefore, in light of the Government's response to the requests for these various items, there is no need for this Court to grant the motion for discovery at this time.

As to copies of surveillance reports prepared by federal agents, it is clear that such information need not be disclosed by the Government. Fed.R. Crim.P. 16(b) "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case. . . ." Internal Government documents have been interpreted to include surveillance reports compiled during the investigation. *United States v. Leta,* 60 F.R.D. 127, 131 (M.D.Pa.1973).

Finally, Smith may not obtain copies of statements of probable Government witnesses Maryann Washco and Nino Papena, as the Jencks Act, 18 U.S. C. § 3500, prohibits such disclosure. Under the Jencks Act, the statement of a Government witness may be obtained by a defendant only after the witness has testified on direct examination. *United States v. Feinberg,* 502 F.2d 1180, 1182 (7th Cir. 1974); *United States v. Leta, supra,* 60 F.R.D. at 130.

Accordingly, defendant's motion for discovery will be denied.

### *Motion for Bill of Particulars*

A bill of particulars is intended to inform a defendant of the nature of the charges pending against him so that he might adequately prepare his defense, avoid surprise during the trial and protect himself against a second prosecution

for an inadequately described offense. The use of a bill of particulars is only necessary when the indictment itself is too vague and indefinite to accomplish these objectives. *United States v. Addonizio*, 451 F.2d 49, 63–64 (3d Cir. 1971), *cert. denied*, 405 U.S. 936, 92 S. Ct. 949, 30 L.Ed.2d 812 (1972); *United States v. Sullivan*, 421 F.2d 676, 677 (5th Cir. 1970); *United States v. Frumento*, 405 F.Supp. 23 (E.D.Pa., 1975).

■ Smith is seeking to obtain a list of Government witnesses who had telephone conversations with Smith insofar as they relate to the charges in this case, as well as the exact dates of those conversations, through a bill of particulars. The rule is clear that a defendant is entitled neither to a wholesale discovery of the Government's evidence nor to a list of the Government's prospective witnesses. *United States v. Addonizio, supra*, 451 F.2d at 64; *United States v. Chase*, 372 F.2d 453, 466 (4th Cir. 1967). This Court believes that the indictment itself provides Smith with such clear and definite information as to make a bill of particulars unnecessary. As to the exact date of the telephone conversations, such information would be properly sought in a motion for discovery. Fed.R.Crim.P. 16(b). The Court notes, however, that the Government has already placed that information at defense counsel's disposal. (*See* discussion of Motion for Discovery, *supra*.) Accordingly, defendant's motion for a bill of particulars will be denied.

*Motion for Severance and Separate Trial*

Smith is seeking a separate trial from that of one of his co-defendants, Mario Papini, pursuant to Fed.R.Crim.P. 14. He alleges that it will be necessary to offer into evidence facts and information which Papini is expected to object to as being within the scope of the attorney-client privilege, and that a joint trial of he and Papini will be "severely prejudicial."

■ The general rule is that defendants jointly indicted should be tried together. Severance may be denied in the absence of a clear showing that a defendant will be so severely prejudiced by a joint trial that it will in effect deny him a fair trial. *United States v. Barber*, 296 F.Supp. 795, 797 (D.Del.1969), *aff'd in part, rev'd in part*, 442 F.2d 517 (3d Cir.), *cert. denied* 404 U.S. 958, 92 S.Ct. 327, 30 L.Ed.2d 275 (1971); *United States v. Frumento, supra*. Such a determination is within the discretion of the trial court. *United States v. Somers*, 496 F.2d 723, 730 (3d Cir.), *cert. denied* 419 U.S. 832, 95 S.Ct. 56, 42 L. Ed.2d 58 (1974). It is clear, at least from the sparse record which the Court has before it at this point, that Smith will not be severely prejudiced by a joint trial. The allegation that Mario Papini "must be expected to object" affords this Court no basis upon which to find severe prejudice. Until trial, we have no way of knowing exactly what communications took place between Smith and Papini. They may ultimately be protected by the attorney-client privilege, or the privilege may be lifted if the communications were in connection with the commission of a crime. In fact, the whole issue may be mooted if Papini does not object to the introduction of the conversations. At this juncture, the Court cannot foresee what will actually evolve at trial, and to do so would involve pure speculation. Similarly, Smith's bald assertion that a trial with Papini would be severely prejudicial states the necessary conclusion without any facts in support thereof. Accordingly, defendant's motion for severance and separate trial will be denied.

The Court notes that it is in no way ruling on the merits of Smith's claim that the conversations are confidential and should not be divulged. Such a ruling must await trial, however, for to rule at this point would require the Court to operate in a factless vacuum.

*Motion for Suppression of Recorded Telephone Conversations*

■ Smith is asking this Court to suppress all evidence from recorded tele-

phone conversations because it was obtained in violation of Pennsylvania law. Although one of the parties to each conversation allegedly consented to its recording (a federal agent or a Government informant), Smith contends that Pennsylvania law prohibits such recordings unless both parties consent. *See Commonwealth v. McCoy*, 442 Pa. 234, 275 A.2d 28 (1971), construing 18 P.S. § 3742 (now §§ 5701–5704). Assuming, *arguendo,* that §§ 5701–5704 were violated, it has no effect on the admissibility of the recordings in federal court.

The Government contends that the recorded telephone conversations are admissible, citing 18 U.S.C. § 2511(2)(c).[1] That section, in conjunction with 18 U.S.C. § 2517(3),[2] specifically allows recordings to which only one party has consented to be admitted into evidence. This circuit has recently upheld the constitutionality of 18 U.S.C. § 2511(2)(c) in *United States v. Santillo*, 507 F.2d 629, 632–635 (3d Cir. 1975), and has also decided that "the warrantless recording of a telephone conversation with the consent of only one of the parties is perfectly proper under federal law . . . ." *United States v. Armocida*, 515 F.2d 49, 52 (3d Cir. 1975).

Given the recordings' admissibility under federal law, it is clear that a violation of state law does not affect their admissibility. In *United States v. Armocida, supra,* the Third Circuit faced this very issue and stated:

> So long as the information was lawfully obtained under federal law and met federal standards of reasonableness, it is admissible in federal court despite a violation of state law. *On Lee v. United States*, 343 U.S. 747, 754–55 [72 S.Ct. 967, 96 L.Ed. 1270] (1952); *Olmstead v. United States*,

277 U.S. 438, 469 [48 S.Ct. 564, 72 L. Ed. 944] (1928). 515 F.2d at 52 (footnote omitted).

The Third Circuit reiterated that holding in *United States v. Vespe*, 520 F.2d 1369, 1371–1372 (3d Cir. 1975), *aff'g* 389 F.Supp. 1359, 1372–1373 (D.Del. 1975), the only difference being that Delaware rather than Pennsylvania law was involved. *Accord, United States v. Keen*, 508 F.2d 986, 988–989 (9th Cir. 1974), *cert. denied,* 421 U.S. 929, 95 S. Ct. 1655, 44 L.Ed.2d 86 (1975); *United States v. Infelice*, 506 F.2d 1358, 1365 (7th Cir. 1974), *cert. denied,* 419 U.S. 1107, 95 S.Ct. 778, 42 L.Ed.2d 802 (1975). *Cf. United States v. Bedford,* 519 F.2d 650, 653–654 (3d Cir. 1975).

Accordingly, defendant's motion to suppress will be denied.

---

1. 18 U.S.C. § 2511(2)(c) provides:

   It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

2. 18 U.S.C. § 2517(3) provides in part that any person who has received any information concerning a wire or oral communication "by any means authorized by this chapter" may disclose such information in a criminal proceeding.