**UNITED STATES of America**

v.

**Joshua EILBERG.**

**Crim. No. 78–311.**

United States District Court, E. D. Pennsylvania.

Feb. 15, 1979.

Peter F. Vaira, U. S. Atty., Alan M. Lieberman, Sp. Asst. U. S. Atty., Frank H. Sherman, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

John Rogers Carroll, Thomas Colas Carroll, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendant, Joshua Eilberg, is charged in a two-count indictment with the agreement to receive and the receipt of compensation in violation of 18 U.S.C. § 203. Presently before the Court are the following pre-trial motions: (1) motion to dismiss the indictment, or, in the alternative, to suppress evidence; (2) motion for a bill of particulars; (3) motion for change of venue; and (4) motion for discovery. The Court has heard argument on these motions and they are now ready for decision.

### I. *Motion to Dismiss the Indictment.*

The defendant asserts four separate grounds for dismissal of the indictment; (1) that it fails to charge an offense cognizable under the laws of the United States; (2) that it is duplicitous; (3) that it is vague; and (4) that it is a product of government misconduct. For the following reasons, defendant's motion to dismiss the indictment shall be DENIED.

Defendant asserts that the indictment fails to charge an offense cognizable under the laws of the United States in that it fails to allege that the defendant received compensation for services rendered before a department or agency of the United States *with a purpose or intent to intercede with or influence* the official actions of the department or agency. The potential of such influence by Congress upon federal executive agencies was clearly considered a purpose supporting the enactment of the stat-

ute, *see* Congressional Globe, 1863–64, 38th Congress, 1st Session, at 355–56. Thus, if Congress had intended to incorporate the purpose to influence as an element of the offense, it could have done so clearly and unequivocally. While the Court's charge to the jury which was approved by the Supreme Court in *Burton v. United States,* 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057 (1906), included a reference to the purpose or intent to influence the agency, the indictment itself did not. The Supreme Court did not hold that the purpose to influence the agency was an element of the offense. In *United States v. Quinn,* 141 F.Supp. 622, 629 (S.D.N.Y.1956), the court held only that the government must prove the purpose to influence the agency since it had been charged in the indictment: "However, it has made that very specific charge in this case and so it is unnecessary to consider in the abstract whether, absent such allegation, an element of the offense is a purpose to 'intercede' and to 'influence.'"

The gravamen of the offense punishable by § 203 is the knowing receipt of compensation for services rendered or to be rendered before a federal agency. The services in themselves do *not* constitute the offense; in fact, it is immaterial that the acts were "patriotic, legitimate and within the scope of his official duties as a Congressman." *May v. United States,* 84 U.S. App.D.C. 233, 245, 175 F.2d 994, 1006 (1949). The intent or motivation for the performance of the services is therefore irrelevant:

> The trial court held to the view that the nature of the transactions pending before the Department was immaterial to the issues in the case, upon the theory that the receipt of compensation by a Congressman for services rendered is an offense under the statute, even though the acts done as services were legal and proper in themselves. We have indicated our agreement with that view. Cases cited by appellants dealing with fraud, in which intent is an element, are not pertinent to this point.

*Id.* at 1008.

█ We conclude, therefore, that the intent to influence the federal agency is not a necessary element of the offense and need not be charged in the indictment.

The argument that the indictment is duplicitous. because it charges both "agreement" and "receipt" in a single count is no longer applicable. The government obtained a superseding indictment on February 8, 1979, which indictment contains two counts, one concerning the receipt of compensation, and the other the actual receipt of compensation.

The argument that the indictment is vague has been foreclosed by the Court's decision concerning the Bill of Particulars. *See* II, below.

Finally, defendant argues that the indictment must be dismissed because it is the product of government misconduct. This misconduct is alleged to have been the sharing of information between the Justice Department and the United States House of Representatives Committee on Standards of Official Conduct (Ethics Committee). Specifically, the defendant contends that the Justice Department gave the Ethics Committee secret grand jury materials, and that material protected by the Congressional Speech or Debate Privilege was presented to the grand jury.

█ If in fact the Justice Department did abuse the secrecy of the grand jury, and there has been no proof that it did so, the proper remedy is a finding of contempt, not dismissal of the indictment. *United States v. Hoffa,* 349 F.2d 20, 43 (6th Cir. 1965).

█ As to the allegation that material protected by the Speech or Debate Clause was presented to the grand jury, it is the law in this Circuit that presentation to the grand jury of Speech or Debate material does not require dismissal of the indictment. *United States v. Helstoski,* 576 F.2d 511 (3d Cir. 1978), *cert. granted,* —— U.S. ——, 99 S.Ct. 719, 58 L.Ed.2d —— (1978). Dismissal of the indictment on Speech or Debate grounds is required only where the indictment charges a defendant's legislative acts as criminal acts, as in *United States v. Johnson,* 383 U.S. 169, 86 S.Ct. 749, 15

L.Ed.2d 681 (1966) where the indictment focused on a speech made by defendant on the floor of the House:

> The indictment itself focused with particularity upon motives underlying the making of the speech and upon its contents:
>
> . . . We hold that a prosecution under a general criminal statute depend[ing] on such inquiries necessarily contravenes the Speech or Debate Clause. We emphasize that our holding is limited to prosecutions involving circumstances such as those presented in the case before us. Our decision does not touch a prosecution which, though as here founded on a criminal statute of general application, does not draw in question the legislative acts of the defendant member of Congress or his motives for performing them.

*Id.* 383 U.S. at 184–85, 86 S.Ct. at 757–58. In this case, the indictment does not draw in question defendant's legislative acts; defendant argues only that the grand jury may have heard evidence protected by the Speech or Debate Clause. There is no question that the defendant may claim the Speech or Debate privilege pre-indictment by a motion to quash the subpoena of any evidence he considers to be protected by the Speech or Debate privilege. *In re Grand Jury Investigation ("A", Intervenor),* 587 F.2d 589. (3d Cir. 1978). Defendant's argument that the government's decision to seek a superseding indictment placed him once again in a pre-indictment posture, enabling him to raise Speech or Debate issues in connection with grand jury proceedings is without merit. We do not agree that the defendant was again in a pre-indictment position before the superseding indictment was handed down. The superseding indictment merely effected a technical change in the indictment; no new evidence was presented to the grand jury. There was therefore no occasion for the defendant to challenge, by motion to quash, any evidence subpoenaed by the grand jury. The fact that a superseding indictment was sought does not create an opportunity for defendant to challenge on Speech or Debate grounds testimony he has learned was considered by the grand jury in handing down the initial indictment.

Defendant has also moved in the alternative, to suppress evidence which he contends is protected by the Speech or Debate privilege. The Court has ordered that this evidence be produced for *in camera* inspection, and will make its rulings thereon before the trial.

## II. *Motion for a Bill of Particulars.*

 The defendant has moved for a bill of particulars, seeking to require the government to specify the compensation he is alleged to have received, the agreement he is alleged to have made, and the services alleged to have been performed by defendant and others. A motion for a bill of particulars is addressed to the discretion of the Court. A bill of particulars is intended to inform a defendant of the nature of the charges pending against him so that he might adequately prepare his defense, avoid surprise during the trial and protect himself against a second prosecution for an inadequately described offense. *United States v. Addonizio,* 451 F.2d 49 (3d Cir. 1971); *United States v. Smith,* 405 F.Supp. 144 (E.D.Pa. 1975); *United States v. Frumento,* 405 F.Supp. 23 (E.D.Pa.1975).

During a series of pre-trial conferences, the government has provided defendant with the following information:

1. The compensation defendant is alleged to have received in violation of § 203 is $2,771 in 1975 and $17,331 in 1976.

2. The services alleged to have been performed by the law firms have been marked on the itemized bills which are included in the accounting analysis provided to the defendant. The government does not represent that the billed services are the only services rendered, however.

3. The services alleged to have been performed by the defendant are that he contacted various persons to assist Hahnemann Hospital in achieving the release of grant funds, and that he used Congressional facilities to obtain the release of grant funds.

This information, along with other material provided through discovery, satisfies defendant's request for a bill of particulars in all but two respects. Therefore, the Court will order that the government provide the following particulars:

A. In connection with Count I of the indictment which provides in part that defendant "knowingly did . . . receive compensation from Hahnemann . . . for services rendered and to be rendered by himself and others, to wit: . . . U. S. Representative Daniel J. Flood before the Executive Office of the President of the United States and CSA . . . ." state:

1. The nature of the services rendered or to be rendered by U. S. Representative Flood.

2. The approximate date such services were rendered.

B. In connection with Count II of the indictment which provides in part that the defendant "knowingly did . . . agree to receive compensation . . . for services rendered and to be rendered by himself and others . . . ." state:

1. The parties to such agreement.

2. The approximate date of such agreement.

III. *Motion for Change of Venue.*

■ Defendant has moved for a change of venue because of allegedly prejudicial and extensive pre-trial publicity, and has submitted news clippings in support of his motion. This Court has directed that certain matters concerning the pre-trial motions be presented *in camera* in an abundance of caution to protect defendant's right to a fair trial.[1] The evidence presented to the Court in connection with the motion for change of venue does not warrant the conclusion that a fair and impartial jury cannot be selected. However, the Court will not decide this motion at this time, but will decide it after the voir dire of prospective jurors. *United States v. Clark,* 398

F.Supp. 341 (E.D.Pa.1975), *aff'd.* 532 F.2d 745 (3d Cir. 1976). *See also United States v. Williams,* 523 F.2d 1203 (5th Cir. 1975).

IV. *Motion for Discovery.*

 It is the Court's understanding that this motion is now moot in that the government has represented to the Court that it has made available to the defendant all material discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as all *Brady* material. Furthermore, in accordance with Rule 16(c), it shall be ORDERED that, in the event a party discovers additional material previously requested or ordered which is subject to discovery or inspection, that party shall notify the Court as required by Rule 16.

---

1. All material that has been impounded in this case will be released immediately upon empanelment of the jury.