UNITED STATES of America

v.

Jose GUZMAN, Jeremias Guzman, Natanael Guzman, and Wilson Nunez.

No. 94–10305–MLW.

United States District Court,
D. Massachusetts.

Feb. 7, 1995.

Donald K. Stern, U.S. Atty. by William F. Sinnott, Asst. U.S. Atty., Boston, MA, for the U.S.

Michael F. Natola, Natola & Segal, Lynn, MA, for Jose Guzman.

Ronald I. Segal, Natola & Segal, Lynn, MA, for Jeremias Guzman.

William O'Hare, Natola & Segal, Lynn, MA, for Natanael Guzman.

Lenore Glaser, Boston, MA, for Wilson Nunez.

## ORDER ON DEFENDANTS' MOTION
## FOR DISCOVERY

ALEXANDER, United States Magistrate Judge.

Defendants collectively filed a pretrial discovery motion that listed a variety of information they sought from the government. The government, in response, noted those areas of discovery where (a) it had produced the requested information, (b) it would produce the requested information at an appropriate time in the future, and (c) it felt disclosure would fall outside that required by the Federal Rules of Criminal Procedure and corresponding interpretative case law. This Court allows the defendants' motion to the extent that the government has complied and to the extent that it will comply in the future, and denies the motion for those areas not included in the above described group, *except* as to the disclosure of *Giglio* material which is hereby ordered disclosed for the following reasons.

The United States Supreme Court has had occasion to consider the issue of the discoverability of exculpatory evidence. In *Brady v. Maryland,* the Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). This holding led to subsequent litigation, in which attempts to define the phrase "material to either guilt or punishment" were made.

In *Giglio v. United States,* the Supreme Court further defined "materiality" in order to resolve a split among the lower courts. 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). In that case, the government failed to disclose evidence that the chief government witness was offered a promise of leniency in exchange for testifying against the defendant. The Supreme Court held that the suppression of the promised immunity information, whether deliberate or unintentional, defied its duty to disclose potentially exculpatory material. In so holding, the Court found that the withheld information was "material" if it could be expected to affect the judgment of the jury.

The District Court of Massachusetts has gone one step further than the Supreme Court with respect to the disclosure of exculpatory material. Local Rule 116.1 requires the automatic disclosure of exculpatory material, as defined by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Giles v. Maryland,* 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), "without any court order ... and in all events within fourteen days after arraignment." Loc.R. 116.1(a)(5). It is this rule that the government appears to ignore in opposing defendants' discovery request.

The government has stated the following as its position on the issue: "it is established, however, that *Giglio* materials need not be produced until trial and the government opposes any motion for early disclosure of impeachment material," citing *United States ex. rel. Lucas v. Regan,* 503 F.2d 1, 3 n. 1 (2d Cir.1974) *cert. denied,* 420 U.S. 939, 95 S.Ct. 1149, 43 L.Ed.2d 415 (1975); *United States v. Frumento,* 405 F.Supp. 23, 32 (E.D.Pa.1975); and *United States v. Leta,* 60 F.R.D. 127, 131 (M.D.Pa.1973). Although the government is correct in representing that these cases stand for the proposition that neither *Giglio* or *Brady* require the early release of exculpatory impeachment material, the government ignores the fact that the cases (1) predate the amendment to Local Rule 116.1 which added *Giglio* to its purview, and (2) are not binding authority in this Circuit. Inasmuch, they are inapposite.

As Local Rule 116.1 is not ambiguous in its language, this Court finds its command to be straightforward: *Giglio* material must be released no more than fourteen days after the defendant's arraignment, unless "in the judgment of either party it would be detrimental to the interests of justice to make the disclosures." Loc.R. 116.1(d). For this reason, this Court allows the defendant's motion as it

relates to the disclosure of *Giglio* material, and orders the disclosure to occur forthwith.[1]

SO ORDERED.

---

1. In its automatic discovery letter dated November 21, 1994, the government stated that it was not aware of any exculpatory material within the meaning of *Giles, Brady,* and *Giglio.* However, should such material become known to the government, it shall be disclosed in accordance with this order.